UNITED STATES of America,

v.

Salvador SANCHEZ–LOREDO.

No. CRIM.B–03–192–001.

United States District Court,
S.D. Texas,
Brownsville Division.

Aug. 5, 2003.

Salvador Sanchez–Loredo, Brownsville, TX, Pro se.

Daniel Michael Marposon, Assistant U.S. Attorney, U.S. Attorney's Office, Brownsville, TX, for United States.

### MEMORANDUM OPINION

HANEN, District Judge.

The Defendant has pleaded guilty to violating 8, U.S.C. §§ 1326(a)-(b) ("Alien Unlawfully Found in the United States after Deportation"). *Docket No. 10.* The requisite prior conviction was for Burglary of a Structure in violation of FLA. STAT. § 810.02(4). At issue is how this prior conviction should be treated for purposes of sentencing under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b). The Government has suggested that this conviction constitutes a "crime of violence"

under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and recommends that the Court assess the Defendant a 16–level sentencing enhancement on this basis. *Docket Nos. 15, 20.* The Defendant objects to this interpretation. *Docket Nos. 13, 17.* In summary, Defendant argues that Burglary of a Structure is neither a "crime of violence" under § 2L1.2(b)(1)(A)(ii) nor an "aggravated felony" under § 2L1.2(b)(1)(C). *Docket No. 13.* Instead, Defendant maintains that his prior conviction is one for a mere "felony" under § 2L1.2(b)(1)(D) and that a 4–level enhancement is therefore appropriate. *Id.* As decreed in open court during Defendant's sentencing hearing on July 23, 2003, the Court **SUSTAINS** the Defendant's objections and **FINDS** that the Defendant is subject to a mere 4–level enhancement as per U.S.S.G. § 2L1.2(b)(1)(D). The Court now memorializes said decision in this memorandum opinion so as to offer the parties a more detailed explanation of its ruling.

## I. BACKGROUND

The plea agreement signed by the Defendant in relation to his prior Florida state burglary conviction unambiguously indicates that he pleaded guilty to "Burglary of a Structure," a felony of the third degree under Florida law. The original charging documents, an information accompanied by a "complaint affidavit," indicate that the Defendant was originally charged with three counts: (1) Burglary of a Dwelling (Fla.Stat. § 810.02), (2) Grand Theft (Fla.Stat. § 812.014), and (3) Battery (Fla.Stat. § 784.03). Additional charges of stalking and tampering with a witness were merged into the third count. All charges stemmed from one incident, in which the Defendant allegedly entered the home of his estranged wife and their three children without permission, struck his wife, and absconded with several items (*viz.* telephone, cell phone, car keys, and house keys). Rather than face trial on these charges, the Defendant pleaded guilty to the second and third counts, which are not at issue here, and to a lesser charge of Burglary of a Structure with regard to the first count.

The aforesaid plea was pursuant to an agreement with the state that substantially benefitted the Defendant. The conduct originally charged in the first count would have subjected the Defendant to a conviction for "a felony of the first degree," which is "punishable by imprisonment for a term of years not exceeding life imprisonment." FLA. STAT. § 810.02(2). Defendant's plea agreement reduced the burglary count to "a felony of the third degree," a charge typically reserved for situations in which "the offender does not make an assault or battery" and involving "[s]tructure[s]" that do not contain "another person." FLA. STAT. § 810.02(4).

## II. DISCUSSION

### A. A Sixteen–Level Sentencing Enhancement Is Improper

■ The United States Sentencing Guideline provision in question specifies that, "[i]f the defendant was deported, or unlawfully remained in the United States, after ... a conviction for a felony that is ... a crime of violence ... increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A)(ii). At issue is whether the Defendant's prior conviction for Burglary of a Structure constitutes a "crime of violence." The commentary to the present version of § 2L1.2 defines "crime of violence." The phrase:

(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extor-

tionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2 App. Note 1(B)(ii). The commentary to the guidelines is accorded "controlling weight . . . if it is not plainly erroneous or inconsistent with the guidelines." *United States v. Rodriguez–Rodriguez,* 323 F.3d 317, 318 (5th Cir.2003) (per curiam).

The Fifth Circuit has clarified that Application Note 1(B)(ii)'s bifurcated definition of "crime of violence" is to be read disjunctively. That is, a prior offense qualifies as a "crime of violence" if it meets the terms of either subparagraph (I) or (II), notwithstanding the use of "and" that links the two subparagraphs. In other words, if a crime is not enumerated in subparagraph (II), "it is a 'crime of violence' under § 2L1.2(b)(1)(A)(ii) only if it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Vargas–Duran,* 319 F.3d 194, 196 (5th Cir. 2003), *reh'g en banc granted,* 336 F.3d 418 (5th Cir.2003); *see also Rodriguez–Rodriguez,* 323 F.3d at 318 (same).

*Rodriguez–Rodriguez* appears to be dispositive in the instant case. In *Rodriguez–Rodriguez,* the Fifth Circuit addressed the applicability of § 2L1.2(b)(1)(A)(ii) in the context of a prior Texas state conviction for "burglary of a building." *Rodriguez–Rodriguez,* 323 F.3d at 318. The court of appeals noted that the circuit distinguishes between burglary of a building and burglary of a dwelling, *id.* at 319 n. 5, and that this distinction effectively eliminates the former from subparagraph (II)'s list of crimes. *Id.* at 318. From there, the court concluded that Texas's burglary of a building offense also does not qualify under subparagraph (I)

because, "[a]lthough violent confrontations may occur in the course of each offense, neither[1] *requires* the actual, attempted, or threatened use of physical force as a necessary element." *Id.* at 319 (emphasis in original).

In addition, the court of appeals went one step further, writing that it "need not discuss the facts underlying Rodriguez's convictions, 'since we look only to the fact of conviction and the statutory definition of the prior offense to determine whether a prior conviction qualifies as a predicate offense for sentencing enhancement purposes.'" *Id.* (quoting *Vargas–Duran,* 319 F.3d at 196). In this vein, the court opined that its "categorical approach means that [a defendant] is not eligible for a crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii) even if his conviction was premised on his entry of a building without the effective consent of the owner and commission of an assault or other violent felony therein." *Id.* at 319 n. 9. The appellate panel reasoned that "[t]his is so because a sentencing court may not consider the conduct underlying a prior conviction when applying § 2L1.2(b)(1)(A)(ii)." *Id.*

Notwithstanding *Rodriguez–Rodriguez,* the Government has in essence argued that the Court may look to the underlying conduct in this case due to the fact that the Florida statute under which the Defendant was convicted encompasses multiple offenses, some of which would qualify as a "crime of violence" as well as others that would not so qualify. *See generally* Fla. Stat. § 810.02. The Government's argument is not entirely misplaced. In accord with *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the

---

1. The *Rodriguez–Rodriguez* opinion uses the plural "each" and "neither" because, in addition to the burglary of a building offense, the defendant in that case also had a prior conviction for unauthorized use of a motor vehicle that was likewise at issue. *Rodriguez–Rodriguez,* 323 F.3d at 318.

Fifth Circuit has recognized a limited exception to its "categorical approach" jurisprudence. *See United States v. Allen,* 282 F.3d 339, 342–43 (5th Cir.2002) (allowing trial courts to look to the information or indictment and the jury instructions when a statutory definition encompasses multiple offenses, some of which would qualify for a sentencing enhancement while others would not). In particular, the Government directs the Court's attention to *United States v. Spell,* 44 F.3d 936 (11th Cir.1995) (per curiam), which discussed the Florida statute at issue in some detail.

*Spell,* however, is readily distinguishable on more than one ground. First, although the *Spell* court also dealt with the phrase "crime of violence," it did so in the context of a different sentencing provision, one which defines "crime of violence" rather differently.[2] *Spell,* 44 F.3d at 938. As the Eleventh Circuit noted, the commentary to this distinct provision precludes the application of a categorical approach thereunder.[3] *See id.* at 939 ("The Guidelines' commentary also precludes the categorical approach ...."). Contrariwise, *Rodriguez–Rodriguez* makes perfectly clear that a categorical approach is appropriate under § 2L1.2(b)(1)(A)(ii). *Rodriguez–Rodriguez,* 323 F.3d at 319. The *Spell* court's inquiry also delved beyond the judgment

of conviction on account of "the ambiguity of the conviction." *Spell,* 44 F.3d at 939. In the instant case, however, the Government does not dispute that the Defendant was convicted of mere Burglary of a Structure under FLA. STAT. § 810.02(4). Furthermore, even if the Court were confronted with a dispute as to the specific provision of FLA. STAT. 810.02 under which the Defendant was convicted, examination of Defendant's Florida felony plea form makes it unmistakably clear that the Defendant pleaded guilty to an offense under subsection (4) of the Florida statute. In short, there is no ambiguity about the nature of the Defendant's conviction, at least not after examining the plea agreement. Indeed, there is really no ambiguity on the face of the judgment, which identifies the Defendant's conviction for burglary as arising under "F.S. 810.02" and being "DEG F3" (*i.e.,* a felony of the third degree). Within the provisions of FLA. STAT. § 810.02, solely subsection (4) is a felony of the third degree. *See generally* FLA. STAT. § 810.02. This lack of ambiguity, in conjunction with the differing sentencing provision at issue, entirely distinguishes *Spell* from the present case. Absent the aforesaid ambiguity, the Government's contention that the Court should nonetheless look to the facts under-

**2.** The *Spell* court addressed U.S.S.G. § 4B1.1, a career offender provision, which defined "crime of violence" as:

> "[A]ny offense under federal or state law punishable by imprisonment for a term exceeding one year that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

*Spell,* 44 F.3d at 938 (quoting U.S.S.G. § 4B1.2(1)) (emphasis omitted).

**3.** Regarding the "Guidelines' commentary," the *Spell* court was referring to "Comment Two to § 4B1.2," which stated that:

> " 'Crime of violence' includes ... *burglary of a dwelling.* Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) *the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted* ..., by its nature, presented a serious potential risk of physical injury to another. Under this section, *the conduct of which the defendant was convicted is the focus of the inquiry.*"

*Spell,* 44 F.3d at 938 (quoting U.S.S.G. § 4B1.2 APP. NOTE 2) (emphasis in original).

lying Defendant's conviction (*i.e.,* that it involved battery and was committed in a dwelling) amounts to the proposition that the Court should take cognizance of a factual scenario to which the Defendant did not plead guilty, of which the Defendant was never convicted, and which legally could not have supplied any part of the basis for Defendant's actual judgment of conviction as the subsection to which the Defendant did plead guilty expressly excludes burglaries that involve batteries and entry of a structure in which others are located. Even *Spell* did not countenance the use of such facts. *See Spell,* 44 F.3d at 940 (remanding to the district court on account of the sentencing judge's reliance on the charging document in the face of the judge's failure to determine if the defendant had pleaded guilty to the crimes listed in charging document).

Recent Fifth Circuit cases that might arguably be marshaled in an attempt to undermine or limit *Rodriguez–Rodriguez's* application to the instant case, *e.g., United States v. Sanchez–Garcia,* 319 F.3d 677 (5th Cir.2003) (per curiam), *reh'g and reh'g en banc denied,* 67 Fed.Appx. 250 (5th Cir.2003) or *United States v. Rodriguez–Duberney,* 326 F.3d 613 (5th Cir.2003), *reh'g and reh'g en banc denied,* 66 Fed. Appx. 527 (5th Cir.2003), are likewise distinguishable. In *Sanchez–Garcia,* the court of appeals affirmed a district judge who inquired beyond the conduct charged in the indictment and instead considered the underlying conduct of the offense while construing § 2L1.2(b)(1)(A)(vii) (regarding alien smuggling offenses). *Sanchez–Garcia,* 319 F.3d at 678. *Sanchez–Garcia* was decided approximately one month prior to *Rodriguez–Rodriguez,* yet the latter does not distinguish the former, notwithstanding the fact that one judge sat on both panels. Similarly, in *Rodriguez–Duberney,* the court of appeals rejected application of a categorical approach to § 2L1.2(b)(1)(A)(i) (regarding drug traf-

ficking offenses). *Rodriguez–Duberney,* 326 F.3d at 616–17. Notably, the court of appeals distinguished prior "crime of violence" cases, citing differences in language between the applicable definitional provisions relating to §§ 2L1.2(b)(1)(A)(i) and (ii) respectively. *Id.* In doing so, the court expressly noted that it was not abrogating the categorical approach with reference to crimes of violence. *Id.* at 617 n. 3. However, the definition of "crime of violence" for purposes of § 2L1.2(b)(1)(A)(ii) has since been altered, eliminating the very language that the Fifth Circuit previously found to require a categorical approach. *Compare id.* at 616–17 (discussing prior definition of "crime of violence"), *with* U.S.S.G. § 2L1.2 APP. NOTE 1(B)(ii) (present version). *Rodriguez–Duberney* was decided approximately one month after *Rodriguez–Rodriguez,* but the former takes no note of the latter; nor does *Rodriguez–Duberney* take any note of *Sanchez–Garcia.*

Notwithstanding any doubt that these cases might be thought to cast on *Rodriguez–Rodriguez,* the present definition of "crime of violence" remains categorical in nature. The first subparagraph references the legal elements of any given prior conviction, while the second subparagraph enumerates specific crimes that always constitute a crime of violence no matter what their elements are under state law. U.S.S.G. § 2L1.2 APP. NOTE 1(B)(ii). Therefore, the distinction drawn between U.S.S.G. §§ 2L1.2(b)(1)(A)(i) and (ii) in *Rodriguez–Duberney* remains intact. *Sanchez–Garcia* 's holding that courts may look beyond the conviction to the underlying conduct occurred with reference to a different provision of the Guideline, § 2L1.2(b)(1)(A)(vii), one which is not accompanied by a categorical Application Note of the sort that pertains to § 2L1.2(b)(1)(A)(ii). Accordingly, *Rodriguez–Rodriguez* endures and dictates the outcome of this case. As the specific state

statutory provision under which the Defendant pleaded guilty does not "require[ ] the actual, attempted, or threatened use of physical force as a necessary element," *see* FLA. STAT. 810.02(4), and because the Court is precluded from countenancing the facts underlying the offense due to the categorical approach required by the language of U.S.S.G. § 2L1.2 APP. NOTE 1(B)(ii), a sixteen-level sentencing enhancement is not proper in this case.[4]

## B. An Eight–Level Sentencing Enhancement Is Also Improper

The present version of § 2L1.2 also provides an 8–level sentencing enhancement for prior convictions that constitute an "aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C). For purposes of this provision, " 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2 APP. NOTE 2. Section 1101(a)(43), in turn, contains a laundry list of provisions that are aggravated felonies by definition. Of those offenses enumerated in § 1101(a)(43), only two appear to be relevant to the present situation. Section

1101(a)(43) defines "aggravated felony" to mean "a crime of violence (as defined in Section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 1101 also defines "aggravated felony" as including "a theft offense ... or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G).

■ As the language "for which the term of imprisonment [is] at least one year," common to both 8 U.S.C. §§ 1101(a)(43)(F)-(G), is dispositive, there is no need to consider 18 U.S.C. § 16's differing definition of "crime of violence."[5] On Counts 1 and 2 (Burglary of a Structure and Grand Theft), Defendant was sentenced to twenty-four months of probation for each, with the sentences to run concurrently; the third count (Battery) resulted in a sentence of time served (approximately 35 days). Nothing in the record indicates that said probation has ever been modified or revoked. The Fifth Circuit has made it clear that, due to the definition of "term of imprisonment" contained in 8 U.S.C. § 1101(a)(48)(B),[6] an unrevoked

---

**4.** Those who are only casually acquainted with the United States Sentencing Guidelines might find it remarkable that subprovisions within the same Guideline provision might call for radically different interpretive approaches (*i.e.*, categorical versus non-categorical) despite being separated from one another by only a few words. However, the wording of the subprovisions, their commentary, and the appellate case law concerning these subprovisions makes it clear that this is so. *Compare Rodriguez–Duberney*, 326 F.3d at 616–17 (rejecting categorical approach regarding U.S.S.G. § 2L1.2(b)(1)(A)(i)) *and Sanchez–Garcia*, 319 F.3d at 678 (eschewing categorical approach with reference to U.S.S.G. § 2L1.2(b)(1)(A)(vii)) *with Rodriguez–Rodriguez*, 323 F.3d at 318–19 (mandating categorical approach under U.S.S.G. § 2L1.2(b)(1)(A)(ii)). Sentencing courts must carefully consider each and every subprovision and its accompanying commentary on

an individual basis in order to determine which approach is appropriate in any given instance.

**5.** Section 16 of Title 18, United States Code, defines "crime of violence" in a substantially different manner than that phrase is defined in U.S.S.G. § 2L1.2 APP. NOTE 1(B)(ii). *See Rodriguez–Rodriguez*, 323 F.3d at 319 n. 10 (noting the differing definitions of "crime of violence" that coexist within the same Guideline provision); *see also Vargas–Duran*, 319 F.3d at 197 n. 5 (outlining the origin of the differing meanings of "crime of violence" in U.S.S.G. § 2L1.2); *United States v. Charles*, 301 F.3d 309, 315–16 (5th Cir.2002) (en banc) (DeMoss, J., specially concurring) (complaining of the multiplicity of definitions for the phrase "crime of violence").

**6.** Section 1101(a)(48)(B) specifies that the phrase "term of imprisonment ... is deemed

sentence of probation does not qualify as a "term of imprisonment" as that phrase is employed in § 1101(a). *United States v. Landeros–Arreola*, 260 F.3d 407, 410 (5th Cir.2001); *United States v. Banda–Zamora*, 178 F.3d 728, 730 (5th Cir.1999); *see also United States v. Demirbas*, 331 F.3d 582, 584 (8th Cir.2003) (term of imprisonment that resulted from violation of suspended sentence of probation sufficed to satisfy "term of imprisonment" language); *United States v. Hidalgo–Macias*, 300 F.3d 281, 284–85 (2d Cir.2002) (per curiam) (same).

The Government has suggested, however, that the judgment is, perhaps, ambiguous in this regard inasmuch as it states that, "[t]he court hereby stays and withholds the imposition of sentence as to count(s) 1 & 2 and places the defendant on probation." This language is legally significant, because though direct imposition of probation does not suffice for inclusion as a "term of imprisonment," probation that merely represents the suspension of a term of imprisonment does suffice. *Landeros–Arreola*, 260 F.3d at 410; *Banda–Zamora*, 178 F.3d at 730. The Government stated at the sentencing hearing

that, given its wording, the Florida judgment is less than clear, and conceded that it probably could not carry any evidentiary burden on this point. Although the Florida judgment is less clear than desirable, it is clear enough that the Defendant was not sentenced to a period of incarceration that was then probated. There is no mention of a term of imprisonment let alone its suspension anywhere in the judgment. The Defendant was merely sentenced to probation. Therefore, as the Defendant was not sentenced to the necessary period of incarceration, his prior conviction for Burglary of a Structure does not qualify as an "aggravated felony" as that term is defined in U.S.S.G. § 2L1.2(b)(1)(C).[7]

## III. CONCLUSION

For the foregoing reasons, the Court hereby **SUSTAINS** Defendant's aforementioned objections. As none of U.S.S.G. § 2L1.2(b)(1)'s other provisions is applicable, the Court **FINDS** that a 4–level sentencing enhancement as per § 2L1.2(b)(1)(D) (requiring four additional levels for "any other felony") is appropriate for Defendant's prior Florida state conviction. Defendant has previously con-

---

to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or part." 8 U.S.C. § 1101(a)(48)(B).

**7.** The indictment to which the Defendant pleaded guilty charged the Defendant with being found in the United States post-deportation, exclusion, or denial of admission "after having been convicted of an aggravated felony." *Docket No. 1.* However, when he entered said plea, Defendant contested the alleged commission of an "aggravated felony." *Docket No. 10.* Given that 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b)(1)(C) each rely on the same definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43), it may appear somewhat incongruous that a Defendant may plead guilty to a charge that alleges prior commission of an "aggravated felony" and

yet be found not to have committed said "aggravated felony" during the sentencing process. This particular wrinkle is a result of *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b) is a mere "penalty provision" rather than a crime distinct from that stated in 8 U.S.C. § 1326(a) and, therefore, need not be alleged in the charging instrument). Notwithstanding logically inconsistent intervening Supreme Court case law, *Almendarez–Torres* remains binding precedent. *Apprendi v. New Jersey*, 530 U.S. 466, 489, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Reyes–Maya*, 305 F.3d 362, 365–66 (5th Cir.2002), *cert. denied*, 537 U.S. 1145, 123 S.Ct. 945, 154 L.Ed.2d 846 (2003). Accordingly, the "aggravated felony" language contained in the indictment is superfluous and addresses a matter that solely pertains to sentencing.

ceded that said sentencing enhancement is proper. *Docket Nos. 13, 17.* The remainder of the Court's judgment of sentence remains valid as pronounced from the bench on July 23, 2003.