*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0310p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-3743

CESAR BERNAL-AVEJA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 03-00202—Gregory L. Frost, District Judge.

Submitted: June 7, 2005

Decided and Filed: July 21, 2005

Before: CLAY and SUTTON, Circuit Judges; O'MEARA, District Judge.<sup>*</sup>

_____

## COUNSEL

**ON BRIEF:** Dennis C. Belli, Columbus, Ohio, for Appellant. Marcia J. Harris, UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

CLAY, Circuit Judge. Defendant Cesar Bernal-Aveja, a Mexican national, appeals his 57 month sentence for illegally reentering the United States after having been deported, in violation of U.S.C. § 1326(a), (b)(2). For the reasons set forth below, we **VACATE** Defendant's sentence, and **REMAND** to the district court for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

### I. FACTS

Bernal-Aveja first came to the United States from Mexico in approximately 1988. In February 1996, Bernal-Aveja was charged with aggravated burglary, a first degree felony, in Franklin County, Ohio. Bernal-Aveja pleaded guilty to a reduced charge of burglary, a third degree felony, for which he received a two-year suspended sentence and two years' probation. In 1999,

_____

<sup>*</sup>The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

Bernal-Aveja's probation was revoked, and he was additionally sentenced to a separate one-year prison term for failing to appear on an unrelated charge. In November 1999, after he served his prison sentence, Bernal-Aveja was deported to Mexico.

At some point over the next year, Bernal-Aveja illegally returned to the United States. On October 22, 2003, Bernal-Aveja was pulled over in his car for a routine traffic violation in Lancaster, Ohio. During the traffic stop, the police officer checked Bernal-Aveja through the INS Criminal Alien Query, a database maintained by the federal government. Upon learning that Bernal-Aveja was a criminal alien who had previously been deported, the officer arrested Bernal-Aveja. The Immigration and Naturalization Service then filed a detainer and criminal complaint against Bernal-Aveja, and he was transferred to federal custody.

Bernal-Aveja was charged with illegally reentering the United States under 8 U.S.C. § 1326(a), (b)(2). He pleaded guilty and was sentenced to 57 months imprisonment by the district court. Bernal-Aveja now appeals, raising two claims of error. First, he argues that the district court incorrectly enhanced his sentence under § 2L1.2(b)(1)(a)(ii) of the federal Sentencing Guidelines by erroneously concluding that his state court burglary conviction constituted a "crime of violence." Second, Bernal-Aveja claims that he is entitled to resentencing under *Booker*.

## II.   DISCUSSION

### A.      "Crime of Violence" Enhancement

The Sentencing Guideline applicable to Bernal-Aveja's offense is § 2L1.2, which has a base offense level of 8. However, if Bernal-Aveja "previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence," the base offense level is increased by 16 levels. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The application notes to § 2L1.2 state that "a crime of violence" includes "burglary of a dwelling." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). The district court determined that Bernal-Aveja's 1996 state court conviction for third degree burglary was a "burglary of a dwelling," therefore constituting "a crime of violence," and enhanced Bernal-Aveja's sentence accordingly.

The government bears the burden of proving that Bernal-Aveja was previously convicted of a crime of violence, *i.e.*, burglary of a dwelling. *See United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003) ("The burden is on the government to prove, by a preponderance of the evidence, that a particular sentencing enhancement applies."); *United States v. Silverman*, 889 F.2d 1531, 1535 (6th Cir. 1989) ("The government bears the burden to establish enhancement factors, where contested."). In assessing whether the government has met its burden of proving that a prior conviction qualifies as a crime of violence, we have held that the district court should look at the indictment in the previous case, and, if the defendant pleaded guilty, "it is appropriate for the district court to consider defendant's plea agreement." *United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir. 1995). In addition, the Supreme Court recently dealt with a dispute over the permissible methods of proving that a defendant was previously convicted of a specific type of burglary offense, holding that "a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 125 S. Ct. 1254, 1257 (2005).[1]

---

[1] *Shepard* involved the determination of whether a prior burglary constituted a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), rather than "a crime of violence" under the Guidelines. Despite this difference, however, we believe that the issue presented in *Shepard*, *i.e.*, the manner in which a court may go about determining whether a prior conviction involved the burglary of a building or enclosed structure, is indistinguishable from the "burglary of a dwelling" inquiry presented in the instant case.

Bernal-Aveja's plea agreement for the burglary conviction was not made a part of the record before the district court. Instead, the government relies on the indictment in the 1996 burglary, which charges Bernal-Aveja with aggravated burglary of a residence under Ohio Rev. Code § 2911.11, describing the location of the crime as "4702 Hilton, #A, an occupied structure" and "the permanent or temporary habitation of Tina I. Murphy." However, Bernal-Aveja actually pleaded guilty to the lesser included offense of burglary under Ohio Rev. Code § 2911.12, and the only post-plea material in the record is the state court's written acceptance of Bernal-Aveja's guilty plea and corresponding imposition of sentence. This document does not specify whether Bernal-Aveja's guilty plea encompassed the type of structure where the burglary was committed as set forth in the indictment. Additionally, neither the text of the statute Bernal-Aveja was charged with violating, nor the text of the statute that he was actually convicted under, resolve the burglary of a dwelling issue, as both statutes apply to "any house, building, outbuilding, watercraft, aircraft, railroad car, truck, tent, or other structure, vehicle, or shelter, or any portion thereof." Ohio Rev. Code. § 2909.01(C). Therefore, Bernal-Aveja contends that the materials presented to the district court in the instant case do not specify whether the crime that he pleaded guilty to was, in fact, the burglary of a dwelling.

This Court has not addressed whether a burglary of a dwelling charge in an indictment is sufficient to prove, without more, that a guilty plea to a lesser included burglary offense constitutes "a crime of violence" under the Guidelines. The government does not provide any legal authority to support its position that the district court was correct in relying on the indictment in Bernal-Aveja's 1996 burglary conviction to apply the crime of violence enhancement. Bernal-Aveja, however, brings up a number of cases from outside this Circuit holding that the indictment alone is insufficient evidence to support the § 2L1.2(b)(1)(A)(ii) enhancement where the defendant pleaded guilty to a lesser burglary offense. *See*, *e.g.*, *United States v. Bennett*, 108 F.3d 1315 (10th Cir. 1997); *United States v. Spell*, 44 F.3d 936 (11th Cir. 1995); *United States v. Sanchez-Loredo*, 274 F. Supp. 2d 873, 877 (S.D. Tex. 2003). In *Bennett*, a case remarkably similar to the instant case, the Tenth Circuit held that the government failed to meet its burden of proving the enhancement because it did not present materials to the district court that evidenced whether the defendant's guilty plea to a lesser burglary charge encompassed the dwelling aspect of the crime charged in the indictment. *Bennett*, 108 F.3d at 1319 (stating that "the statutory elements of [the lesser included offense of] second-degree burglary and the record of the prior proceeding leave it ambiguous whether [the defendant] was convicted of a crime of violence"). Similarly, in *Spell*, the Eleventh Circuit held that "a district court may not rely on a charging document without first establishing that the crime charged was the same crime for which the defendant was convicted." *Spell*, 44 F.3d at 940. Thus, the *Spell* court concluded that the district court erred in relying on an indictment charging the defendant with burglary of a dwelling where the defendant actually pleaded guilty to the more general crime of burglary of a structure. Finally, in *Sanchez-Loredo*, the court declined to apply the 16 level enhancement under § 2L1.2(b)(1)(A)(ii) where the defendant was charged with burglary of a dwelling, but pleaded guilty to the lesser charge of burglary of a structure. The court characterized the government's position urging use of the indictment to sentence the defendant as "amount[ing] to the proposition that the Court should take cognizance of a factual scenario to which the Defendant did not plead guilty, [and] of which the defendant was never convicted." *Sanchez-Loredo*, 274 F. Supp. 2d at 877.

We find the reasoning in *Bennett*, *Spell* and *Sanchez-Loredo* to be persuasive, and we adopt the holdings in each of those cases. Because Bernal-Aveja did not plead guilty to, and therefore was not actually convicted of, the aggravated burglary charge contained in the indictment, the indictment alone is insufficient to meet the government's burden of proving that Bernal-Aveja was previously convicted of a "crime of violence." Therefore, the district court erred in enhancing Bernal-Aveja's sentence pursuant to § 2L1.2(b)(1)(A)(ii).

**B.      *Booker* Remand**

On appeal, Bernal-Aveja argues that he is entitled to resentencing because the Sentencing Guidelines are no longer mandatory after *Booker*.  Bernal-Aveja did not raise a *Blakely/Booker* claim before the district court, therefore we review his claim on appeal for plain error. *United States v. Oliver*, 397 F.3d 369, 377-78 (6th Cir. 2005).  Under our decision in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), in which we held that a remand for resentencing is appropriate now that the guidelines are advisory, we find that the plain error test is met in the instant case.  The district court sentenced Bernal-Aveja to 57 months, the low end of the Guideline range of 57-71 months.  Additionally, during the sentencing hearing, the court expressed sympathy with the fact that Bernal-Aveja illegally reentered the United States to be closer to his four American-born children, each of whom resides in Ohio with his or her mother.  These facts at least suggest to us that, "if the district court in this case had not been bound by the range prescribed in the Guidelines [Bernal-Aveja] may have received a lower sentence." *Id.* at 528.  Therefore, "it would be fundamentally unfair to allow [Bernal-Aveja's] sentence, imposed under a mandatory Guidelines regime, to stand in light of this substantial development in, and alteration of, the applicable legal framework.  The better course is to vacate [Bernal-Aveja's] sentence and remand for resentencing, thus affording the district court the opportunity to resentence him in the first instance." *Id.* at 530.

## III.   CONCLUSION

For the reasons set forth above, we **VACATE** Bernal-Aveja's sentence and **REMAND** the case to the district court for resentencing in a manner consistent with this opinion.