File Name:  06a0840n.06
Filed:  November 15, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  05-4519

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CESAR BERNAL-AVEJA,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:      MARTIN and COOK, Circuit Judges; BERTELSMAN, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.  Defendant-Appellant Cesar Bernal-Aveja appeals the district court's use of a plea colloquy from a prior state-court burglary case in order to find that Bernal-Aveja pled guilty to a "crime of violence," warranting a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Bernal-Aveja also argues that the district court imposed an unreasonable sentence.  For the reasons below, we **AFFIRM** the district court.

I

Cesar Bernal-Aveja first entered the United States from Mexico in 1988.  *United States v. Bernal-Aveja*, 414 F.3d 625, 626 (6th Cir. 2005).  In 1996, he was charged with aggravated burglary

_____

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of a residence under Ohio Rev. Code § 2911.11 in Franklin County, Ohio. *Id*. at 626-27. He subsequently pled guilty to a lesser offense of burglary under Ohio Rev. Code § 2911.12. This plea did not specify whether or not the structure that he burglarized was a dwelling. *Id*. at 627. After serving his sentence, Bernal-Aveja was deported to Mexico. Soon thereafter, he illegally reentered the United States. *Id*. at 626. In October 2003, Bernal-Aveja was pulled over for a routine traffic violation. After the officer learned of his background, Bernal-Aveja was put into federal custody. *Id*. Bernal-Aveja was charged with and pled guilty to illegally entering the United States under 8 U.S.C. § 1326(a), (b)(2). *Id*.

At sentencing, the court found that Bernal-Aveja had committed a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he had burglarized a dwelling, and sentenced him to 57 months imprisonment.[1] *Id*. Bernal-Aveja appealed, and we held that the district court erred in enhancing his sentence because the government did not meet its burden of proving that the burglary constituted a "crime of violence." *Id*. at 628. We rejected the government's attempt to prove Bernal-Aveja burglarized a dwelling via the state's indictment, because the indictment referenced an Ohio statute that includes both dwellings and non-dwellings, and because Bernal-Aveja had actually pled guilty to a lesser offense that also included dwellings and non-dwellings. *Id*. at 627. In the second part of our opinion, we remanded in light of *United States v. Booker*, 543 U.S. 220 (2005).

---

[1] Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), Bernal-Aveja's prior conviction for a violent crime increased his offense level by 16 levels, ultimately resulting in a total offense level of 21. Paired with a criminal history category of IV, this resulted in a guideline sentence range of 57-71 months. The Application Notes to subsection (b)(1) include "burglary of a dwelling" as a "crime of violence."

At resentencing, the government introduced a transcript of the state-court proceedings in which Bernal-Aveja pled guilty to burglary. During those proceedings, the state court judge had asked the prosecutor for a summary of the facts. The prosecutor gave the following summary:

> On Friday, February 2, 1996, at approximately 11:30 p.m., Tina Matheny, Christina Aldrys (sic) and Katherine Hunt were sitting in a vehicle in front of Tina Matheny's apartment. The defendant came walking up, opened the car door, and tried to pull the girl out of the vehicle by the hair. The defendant pulled Christina Aldrys' hair and pulled Katherine Hunt out of the vehicle by her hair. Tina Matheny kicked him in his private area. The females got away and ran into Tina Matheny's apartment and locked the door. The defendant kicked the door in. The victims felt that he was going to assault them some more. A Lou Vernon (sic) stopped the defendant from going into the bathroom after the victims. Katherine Hunt is the ex-girlfriend of the defendant.

This statement was translated to Bernal-Aveja. Through the interpreter, the judge inquired, "[d]o you understand that you are being asked to enter a plea to a third degree felony, that charge being burglary?" Bernal-Aveja responded that he understood. Based on the content of this "plea colloquy," the district court held that the government had met its burden, and once again sentenced Bernal-Aveja to 57 months.

Bernal-Aveja raises three issues on appeal. He argues that (1) by considering additional evidence on whether to impose a sentencing enhancement, the district court exceeded the scope of the mandate of our prior ruling in this case; (2) the information contained in the plea colloquy was insufficient to establish a "crime of violence," and (3) the 57-month sentence was unreasonable.

II

Bernal-Aveja argues that the district court exceeded the scope of our mandate by allowing the government to present at resentencing additional evidence to support a prior "crime of violence"

sentence enhancement. This argument fails because our order was a general remand rather than a limited remand.

Pursuant to 28 U.S.C. § 2106, an appellate court may issue a general or limited remand. *United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997). While "[a] general remand allows the district court to resentence the defendant de novo, . . . mean[ing] that the district court may redo the entire sentencing process including considering new evidence and issues[,] . . . a limited remand constrains the district court's resentencing authority to the issue or issues remanded." *Id*. at 597-98.

We review an interpretation of a mandate de novo. *Id*. at 598. However, "[i]n the absence of an explicit limitation," there is a presumption that the remand order is general. *Id*. Thus, for an order to constitute a limited remand,

> [t]he chain of intended events should be articulated with particularity. With sentencing issues, in light of the general principle of de novo consideration at resentencing, this court should leave no doubt in the district judge's or parties' minds as to the scope of the remand. The language used to limit the remand should be, in effect, unmistakable.

*United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999). In our first hearing of this case, we remanded without articulating particular procedures that the sentencing court should follow, and in fact, instructed the court to "resentence him in the first instance," suggesting a general remand for de novo resentencing. *Bernal-Aveja*, 414 F.3d at 629. Therefore, we find the district court correctly "consider[ed] new evidence and issues," namely, a transcript of the state-court proceedings. *Moore*, 131 F.3d at 597.

III

Bernal-Aveja next argues that assuming that the district court was allowed to consider new evidence at resentencing, the plea colloquy was insufficient to establish that he was convicted of a "crime of violence." He argues that because the prosecutor's summary referenced his burglary of a vehicle and a dwelling, it was not clear whether the lesser offense of burglary he pled guilty to pertained to the vehicle or the home.

We review de novo the legal conclusion that a prior offense constitutes a "crime of violence" under the Sentencing Guidelines. *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004).[2] As we noted when we initially heard Bernal-Aveja's case, it is the government's burden to prove by a preponderance of the evidence that he was previously convicted of a crime of violence, namely, burglarizing a dwelling. *Bernal-Aveja*, 414 F.3d at 627 (citing *United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003)).

When determining whether a prior offense constitutes a "crime of violence," the sentencing court should use the "categorical approach," under which "only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction is a [crime of violence]." *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006) (applying this rule in the context of U.S.S.G. § 4B1.1, which pertains to sentence enhancements for career offenders). If this approach fails to be determinative, the court may turn to the facts of the crime of which the defendant was convicted, but is limited to considering "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual

---

[2] Although the Sentencing Guidelines are now advisory, we still review whether they are correctly calculated. *See United States v. Duckro*, Nos. 05-3379, 05-3381, 2006 U.S. App. LEXIS 25753. at 22-23 (6th Cir. Oct. 18, 2006).

finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005), which held (in the context of the Armed Career Criminal Act, 18 U.S.C. § 924(e)) that a sentencing court cannot simply look to police reports in order to determine the character of a prior burglary crime to which a defendant was convicted); *see United States v. Foreman*, 436 F.3d 638, 641 (6th Cir. 2006) (noting that although *Shepard* "addressed whether burglary could be considered a violent felony under the Armed Career Criminal Act, the application of these rules to the definition of 'crime of violence' under the Sentencing Guidelines has become an accepted practice in this Circuit."). Thus, under *Shepard* and *Montanez*, we may properly turn to the transcript of a plea colloquy for guidance. Based on the transcript of the plea colloquy, we agree with the district court that Bernal-Aveja accepted responsibility for burglarizing a dwelling. Therefore, we hold that the district court did not err in concluding that his prior burglary was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[3]

IV

Bernal-Aveja argues that the district court imposed an unreasonable sentence by failing to adequately consider the applicable factors under 18 U.S.C. § 3553(a).

---

[3] The difference between relying on the charge in the indictment versus relying on the plea colloquy in this case is clear. The critical question is what Bernal-Aveja pled guilty to or admitted. The indictment did not establish that he admitted to burglarizing a dwelling, because he pled guilty to a lesser offense other than that in the indictment. The plea agreement was also unhelpful to the government, because the crime to which he pled guilty could have involved burglary of a structure other than a dwelling. In the plea colloquy, however, Bernal-Aveja admitted to burglarizing a dwelling, which is sufficient to support the enhancement. In other words, while Bernal-Aveja never agreed to the reference to a dwelling contained in the indictment, he did in fact agree to the reference to a dwelling contained in the prosecutor's summary.

Following *United States v. Booker*, we review a district court's sentence for reasonableness. *Foreman*, 436 F.3d at 644. In conducting this reasonableness review, we look to whether the district court fulfilled its duty to "impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *Id*. at 644 n.1. While we have stated in the past that a sentence within the applicable guidelines range carries a presumption of reasonableness, *United States v. Williams*, 436 F.3d 707, 708 (6th Cir. 2006), we have explained that such a sentence, standing alone, does not imply that the district court considered the section 3553(a) factors. *Id*. at 644. In order for us to uphold a sentence, the district court must have adequately evaluated a criminal defendant's sentence in light of these factors. *Id*.

At resentencing, the district court stated that it had considered the section 3553(a) factors. The fact that the court did not mention each factor by name is not determinative. *See United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (explaining that "although explicit mention of those factors may facilitate review, this court has never required the 'ritual incantation' of the factors to affirm a sentence."). The district court noted, *inter alia*, the violent conduct involved in Bernal-Aveja's prior offense (reflecting the seriousness of the offense under section 3553(a)(2)(A)), and the fact that he illegally reentered the United States less than three months after he was deported (reflecting the need to deter criminal conduct under section 3553(a)(2)(B)). In his brief, Bernal-Aveja claims that the district court acknowledged his reasons for why a below guidelines sentence was warranted, but failed to articulate reasons for rejecting them. We disagree and find that the record reflects that the district court adequately considered his reasons and explained why it was

rejecting them. *See United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).[4]  Therefore, we

hold that the district court imposed a reasonable sentence.

V

The judgment of the district court is **AFFIRMED**.

---

[4] For example, in support of his claim that the nature and circumstances of the offense warranted a lower sentence, Bernal-Aveja contended that the reason he illegally reentered the United States was to support his children.  The district court rejected this argument, stating that if this was his goal, Bernal-Aveja could have remained in Mexico, worked, and sent money to his children.  Just because the district court did not evaluate Bernal-Aveja's familial circumstances in a light favorable to him does not mean that the court failed to adequately consider this factor.