RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0141p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            *v.*

LAMONTERIE BANKS,
            *Defendant-Appellant.*

No. 11-5443

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:10-cr-20125-1—Bernice Bouie Donald, District Judge.

Decided and Filed: May 18, 2012

Before: MARTIN, COOK, and KETHLEDGE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** David M. Bell, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. C. David Biggers, Jr., ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

COOK, J., delivered the opinion of the court, in which KETHLEDGE, J., joined. MARTIN, J. (pp. 6–8), delivered a separate dissenting opinion.

_____

**OPINION**

_____

COOK, Circuit Judge. Defendant LaMonterie Banks appeals his sentence of 180 months' imprisonment, challenging the applicability of an enhancement under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C § 924(e). Concluding that the district court correctly sentenced him as an armed career criminal under the ACCA, we affirm.

Banks pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g). A presentence report ("PSR") noted that three of his prior convictions—two for aggravated burglary and one for robbery—qualified as "violent felonies," triggering the armed-career-criminal sentencing enhancement under the ACCA. *See* 18 U.S.C. § 924(e)(1) (setting a minimum of fifteen years' imprisonment for those who violate § 922(g) and "ha[ve] three previous convictions . . . for a violent felony . . . committed on occasions different from one another"). Arguing that the ACCA defines "violent felony" more narrowly for crimes committed as a minor, Banks objected to the PSR's classification of his adult conviction for robbery (committed at the age of seventeen) as a violent felony. He also argued that the Eighth Amendment categorically prohibits applying an ACCA sentencing enhancement triggered by an offense committed as a minor, where the enhancement increases the maximum sentence to life without parole. Rejecting these contentions, the district court sentenced Banks to the statutory minimum under the ACCA: 180 months' imprisonment. Banks appeals, raising the same two arguments.

We review de novo a district court's legal conclusions under the ACCA and a defendant's Eighth Amendment challenge to a sentence. *United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006); *United States v. Caver*, 470 F.3d 220, 247 (6th Cir. 2006). The statute defines "violent felony" to mean "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult," subject to an additional requirement outlined in subsections (i) and (ii) of § 924(e)(2)(B). *See* 18 U.S.C. § 924(e)(2)(B). Banks does not contest that his robbery conviction meets the requirement described in those subsections. Instead, he claims that the robbery fails to qualify as an "act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device." *See id.* This matters not. The statute employs the disjunctive "or," such that regardless of whether Banks's robbery qualifies as an "act of juvenile delinquency," his *adult conviction* for that robbery falls under the definition of "violent felony" as a "crime punishable by imprisonment for a term exceeding one year."

*See* Tenn. Code Ann. §§ 39-13-401(b), 40-35-111(b)(3) (setting the minimum penalty for robbery at three years' imprisonment); *United States v. Taylor*, 301 F. App'x 508, 522 (6th Cir. 2008) (citing *United States v. Spears*, 443 F.3d 1358, 1360–61 (11th Cir. 2006); *United States v. Lender*, 985, F.2d 151, 156 (4th Cir. 1993)) (holding that, under the disjunctive definition of violent felony, the first part of the definition applies to adult convictions, even if the conviction involves an act committed as a juvenile).

The dissent would have us review an issue Banks failed to raise before the district court or this court: whether Banks's robbery conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another," under subsection (i). We decline to review this forfeited argument. *See United States v. Corp*, 668 F.3d 379, 387–88 (6th Cir. 2011) (deeming argument forfeited where party did not "object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection" (internal quotation marks and citation omitted)).

Furthermore, the Eighth Amendment permits the application of the ACCA enhancement to this case. Relying on *Graham v. Florida*, 130 S. Ct. 2011 (2010), Banks insists that using an offense committed as a juvenile to enhance the maximum penalty to life without parole, *see United States v. Wolak*, 923 F.2d 1193, 1199 (6th Cir. 1991) (recognizing life imprisonment as the maximum penalty under the ACCA, since the statute sets no upper limit), categorically violates the Eighth Amendment's prohibition against cruel and unusual punishment. But *Graham v. Florida* only categorically prohibited sentencing a *juvenile* to life without parole when neither the current conviction nor the predicate convictions involved a homicidal offense; the Supreme Court has yet to categorically prohibit courts from considering juvenile-age offenses when applying enhancements to an *adult*'s conviction. *See United States v. Graham* ("*Donald Graham*"), 622 F.3d 445, 462–63 (6th Cir. 2010) (collecting cases from other circuits concluding that *Graham v. Florida* limited its holding to juvenile offenders, leaving untouched the practice of considering juvenile-age criminal history when sentencing an adult offender). Furthermore, in *Donald Graham*, we permitted a court

to rely on a juvenile-age offense to enhance an adult-age offense's maximum penalty to life without parole, expressly declining to extend *Graham v. Florida* to adult offenders. *See id.* at 463. We cannot disturb this holding absent en banc review.

Banks's attempts to distinguish this case fail. He argues that *Donald Graham* addressed enhancements under 18 U.S.C. § 841(b)(1) rather than the ACCA. But the case's reasoning, concerning the constitutionality of enhancing maximum penalties for adult offenders to life without parole based on juvenile criminal history, applies equally to enhancements under the ACCA. Furthermore, though *Donald Graham* reviewed its Eighth Amendment challenge for plain error, the case adopted the reasoning of our sister circuits in determining that no constitutional error, let alone plain error, occurred. *See* 622 F.3d at 462–63. And Banks's remaining arguments, relying on circumstances particular to him, fail to demonstrate the need for a categorical ban.

To create a categorical prohibition against the possibility of life without parole for adult offenders with juvenile-age criminal history, Banks needs to demonstrate a mismatch between the culpability of the offenders and the severity of the punishment, whether in the form of "objective indicia of national consensus" regarding the inappropriateness of the punishment or some other reason to doubt that "the challenged sentencing practice serves legitimate penological goals." *Graham*, 130 S. Ct. at 2023, 2026 (citations omitted). But Banks offers no data to suggest national consensus. His critiques of the penological goals served (adapted from *Graham*'s critique of sentencing practices involving juveniles) translate poorly to adults. *See* Appellant Br. 20–21 (claiming that "the case for retribution is not as strong with a minor as with an adult," that juveniles "will be less susceptible to deterrence," and that "it would be misguided to equate the failings of a minor with those of an adult" (citations, internal quotation marks, and alteration omitted)). Banks, 33 years old at the time of his felon-in-possession offense, remained fully culpable as an adult for his violation and fully capable of appreciating that his earlier criminal history could enhance his punishment. Because Banks fails to distinguish *Donald Graham*, we decline to categorically prohibit

the consideration of juvenile-age offenses when determining the applicability of the ACCA's sentencing enhancement.

Failing a categorical challenge, Banks could only bring an Eighth Amendment challenge targeting his particular circumstances. Yet he offers no argument to suggest that his actual sentence—the statutory minimum of fifteen years—is grossly disproportionate to his crime and record. *See United States v. Hill*, 30 F.3d 48, 50 (6th Cir. 1994) (concluding that the Eighth Amendment "only prohibit[s] extreme sentences that are grossly disproportionate to the crime" (internal quotation marks omitted) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991))).

Accordingly, we AFFIRM.

_____

**DISSENT**

_____

BOYCE F. MARTIN, JR., Circuit Judge, dissenting. I agree with the majority's conclusion that Banks's arguments regarding his adult conviction as a juvenile and his Eighth Amendment challenge both fail. I do not agree with the premise upon which the majority's conclusion implicitly rests, and upon which Banks's sentence explicitly rests: that Banks's conviction for robbery counts as a "violent felony" under the Armed Career Criminal Act. For this reason, I would vacate his sentence and remand for resentencing.

In 1995, Banks was indicted for aggravated robbery. That charge was amended to robbery, for which he was tried and convicted as an adult. Tennessee defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code § 39-13-401(a). Aggravated robbery, Tenn. Code § 39-13-402, is defined as robbery:

> (1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or
> (2) Where the victim suffers serious bodily injury.

The burden is on the United States to prove that the predicate offense of which Banks was convicted is a violent felony for sentencing purposes. *United States v. Bernal-Aveja*, 414 F.3d 625, 628 (6th Cir. 2005). As we have explained, *United States v. Armstead*, 467 F.3d 943, 947-48 (6th Cir. 2006) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)):

> Since *Shepard*, to determine whether a prior conviction pursuant to a guilty plea constitutes a crime of violence, the sentencing court must, *first*, decide whether the statutory definition, by itself, supports a conclusion that the defendant was convicted of a crime of violence. If the statutory definition embraces both violent and non-violent crimes or is otherwise ambiguous, the court, *second*, may look to the "charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this

information" to determine whether the violent or non-violent aspect of the statute was violated.

In its Sentencing Memorandum submitted before the district court, the United States concludes that robbery under the Tennessee statute is necessarily a crime of violence because it "has as an element the use of physical force against another." While the Tennessee robbery statute *may* be violated by committing theft by the use of violence, it may *also* be violated without violence, by committing theft by putting the victim in fear. Thus, robbery under the Tennessee statute "embraces both violent and non-violent crimes," *id.*, and is therefore ambiguous for purposes of determining whether a violation of the statute is a violent felony under the Act. We previously reached the same conclusion in a recent unpublished decision. *United States v. Fraker*, No 10-5721, 2012 WL 284251, at *2 (6th Cir. Jan. 31, 2012).

Where the statute is ambiguous, the government carries the additional burden of proving that Banks did, in fact, engage in violence in committing the crime. *See Taylor v. United States*, 495 U.S. 575, 601 (1990); *see also Fraker*, 2012 WL 284251, at *2. Under *Shepard*, where the statute is ambiguous the sentencing court may consider certain factual evidence "to determine whether the violent or non-violent aspect of the statute was violated." *Armstead*, 467 F.3d at 948. In arguing that the predicate offense here was a violent felony, the United States relied solely on the presentence report's description of Banks's indictment. Review of the sentencing hearing transcript reveals that the district court based its consideration of whether the robbery conviction counts as a violent felony for sentencing purposes solely on the presentence report. The report describes Banks's indictment for aggravated robbery. The relevant language of the report follows:

> According to indictment #95-11487, on July 26, 1995, the defendant did unlawfully, intentionally, knowingly, and violently, by use of a deadly weapon, to wit: a handgun, obtain from Tony Graves [enumerated items of Graves's property].

Under Tennessee law, aggravated robbery is robbery accomplished by the use of a deadly weapon; robbery alone has no deadly weapon requirement. Although the

indictment recited the elements of the aggravated robbery rule, Banks was ultimately convicted of robbery, not aggravated robbery. And, as I discussed, the Tennessee robbery statute is ambiguous as to whether robbery is a violent felony for sentencing purposes under the Act.

Two prior cases provide guiding precedent. In *Bernal-Aveja*, the defendant was indicted for aggravated burglary but pled guilty to the lesser-included offense of burglary. 414 F.3d at 627. The elements of the lesser-included offense in that case left open the question of whether the offense of which the defendant was actually convicted was a crime of violence. *Id.* We thus held "the indictment alone [was] insufficient to meet the government's burden of proving [the defendant] was previously convicted of a 'crime of violence.'" *Id.* at 628. We reached a consistent conclusion in *Armstead*. 467 F.3d at 949 ("Because no other evidence of violent conduct was before the [sentencing] court, we conclude that the finding of a crime of violence based on the indictments alone was error.").

Here, the district court relied on the presentence report's characterization of an indictment that described a crime of which Banks was not convicted to determine that the crime of which he was convicted is a violent felony. Under *Bernal-Aveja* and *Armstead*, I believe this was error. I would vacate Banks's sentence and remand for resentencing.