BOYCE F. MARTIN, JR., Circuit Judge,
dissenting.
I agree with the majority’s conclusion that Banks’s arguments regarding his adult conviction as a juvenile and his Eighth Amendment challenge both fail. I do not agree with the premise upon which the majority’s conclusion implicitly rests, and upon which Banks’s sentence explicitly rests: that Banks’s conviction for robbery counts as a “violent felony” under the Armed Career Criminal Act. For this reason, I would vacate his sentence and remand for resentencing.
In 1995, Banks was indicted for aggravated robbery. That charge was amended to robbery, for which he was tried and convicted as an adult. Tennessee defines robbery as “the intentional or knowing theft of property from the person of another by violence or putting the person in fear.” Tenn.Code § 39-13-401(a). Aggravated robbery, Tenn.Code § 39-13-402, is defined as robbery:
(1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or
(2) Where the victim suffers serious bodily injury.
The burden is on the United States to prove that the predicate offense of which Banks was convicted is a violent felony for sentencing purposes. United States v. Bernal-Aveja, 414 F.3d 625, 628 (6th Cir.2005). As we have explained, United States v. Armstead, 467 F.3d 943, 947-48 (6th Cir.2006) (quoting Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)):
Since Shepard, to determine whether a prior conviction pursuant to a guilty plea constitutes a crime of violence, the sentencing court must, first, decide whether the statutory definition, by itself, supports a conclusion that the defendant was convicted of a crime of violence. If the statutory definition embraces both violent and non-violent crimes or is otherwise ambiguous, the court, second, *509 may look to the “charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information” to determine whether the violent or non-violent aspect of the statute was violated.
In its Sentencing Memorandum submitted before the district court, the United States concludes that robbery under the Tennessee statute is necessarily a crime of violence because it “has as an element the use of physical force against another.” While the Tennessee robbery statute may be violated by committing theft by the use of violence, it may also be violated without violence, by committing theft by putting the victim in fear. Thus, robbery under the Tennessee statute “embraces both violent and non-violent crimes,”- id., and is therefore ambiguous for purposes of determining whether a violation of the statute is a violent felony under the Act. We previously reached the same conclusion in a recent unpublished decision. United States v. Fraker, 458 Fed.Appx. 461, 463-64 (6th Cir.2012).
Where the statute is ambiguous, the government carries the additional burden of proving that Banks did, in fact, engage in violence in committing the crime. See Taylor v. United States, 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); see also Fraker, 458 Fed.Appx. at 463-64. Under Shepard, where the statute is ambiguous the sentencing court may consider certain factual evidence “to determine whether the violent or non-violent aspect of the statute was violated.” Armstead, 467 F.3d at 948. In arguing that the predicate offense here was a violent felony, the United States relied solely on the presentence report’s description of Banks’s indictment. Review of the sentencing hearing transcript reveals that the district court based its consideration of whether the robbery conviction counts as a violent felony for sentencing purposes solely on the presentence report. The report describes Banks’s indictment for aggravated robbery. The relevant language of the report follows:
According to indictment # 95-11487, on July 26, 1995, the defendant did unlawfully, intentionally, knowingly, and violently, by use of a deadly weapon, to wit: a handgun, obtain from Tony Graves [enumerated items of Graves’s property].
Under Tennessee law, aggravated robbery is robbery accomplished by the use of a deadly weapon; robbery alone has no deadly weapon requirement. Although the indictment recited the elements of the aggravated robbery rule, Banks was ultimately convicted of robbery, not aggravated robbery. And, as I discussed, the Tennessee robbery statute is ambiguous as to whether robbery is a violent felony for sentencing purposes under the Act.
Two prior cases provide guiding precedent. In BemalrAveja, the defendant was indicted for aggravated burglary but pled guilty to the lesser-included offense of burglary. 414 F.3d at 627. The elements of the lesser-included offense in that case left open the question of whether the offense of which the defendant was actually convicted was a crime of violence. Id. We thus held “the indictment alone [was] insufficient to meet the government’s burden of proving [the defendant] was previously convicted of a ‘crime of violence.’ ” Id. at 628. We reached a consistent conclusion in Armstead, 467 F.3d at 949 (“Because no other evidence of violent conduct was before the [sentencing] court, we conclude that the finding of a crime of violence based on the indictments alone was error.”).
*510 Here, the district court relied on the presentence report’s characterization of an indictment that described a crime of which Banks was not convicted to determine that the crime of which he was convicted is a violent felony. Under Bemal-Aveja and Armstead, I believe this was error. I would vacate Banks’s sentence and remand for resentencing.