UNITED STATES of America,
Plaintiff–Appellee,

v.

Antonio D. REUER, Defendant–
Appellant.

Nos. 01–3252, 01–3315.

United States Court of Appeals,
Sixth Circuit.

May 13, 2002.

Before MOORE and COLE, Circuit Judges, and TARNOW,* District Judge.

## OPINION

MOORE, Circuit Judge.

The defendant, Antonio Reuer, challenges the sentence imposed following his guilty plea to one count of conspiracy to possess crack cocaine with the intent to distribute and one count of money laundering. On appeal, Reuer argues that (1) the district court erred in calculating his criminal history score, (2) the district court erred in declining to depart from the applicable guidelines range under § 4A1.3 of the Sentencing Guidelines, (3) the application of a ten-year mandatory minimum sentence was unconstitutionally disproportionate under the Eighth Amendment, and (4) the district court erred in not imposing a sentence below the statutory minimum on the basis of Reuer's substantial assistance to the government. For the follow-

ing reasons, we **AFFIRM** the sentence imposed by the district court.

### I.

On November 17, 1999, a federal grand jury in the Northern District of Ohio returned a seventy-two count Superseding Indictment against twenty-four defendants, including Defendant–Appellant Reuer. Reuer was charged in the indictment with conspiring to possess cocaine base (crack cocaine) with the intent to distribute, additional counts of distributing cocaine base, seven counts of using a communication facility to facilitate the commission of a drug offense, and money laundering. On January 10, 2000, Reuer pleaded guilty to conspiracy to possess crack cocaine with the intent to distribute (Count One) and money laundering (Count Sixty-Nine). All remaining counts were dismissed in accordance with the plea agreement reached between Reuer and the government.

As part of his plea agreement, Reuer stipulated that the quantity and type of drugs attributable to his personal involvement in the conspiracy was in excess of 500 grams but less than 1.5 kilograms of crack cocaine. J.A. at 196 (Plea Agreement at 4). Based upon this type and quantity of drugs, Reuer was subject to a statutory mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A).

Reuer was sentenced by the district court on June 13, 2000. Under the Sentencing Guidelines, the base offense level for offenses involving the type and quantity of drugs to which Reuer stipulated is thirty-six. UNITED STATES SENTENCING

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

GUIDELINES MANUAL ("U.S.S.G.") § 2D1.1(c)(2). The court granted Reuer a three-level adjustment for acceptance of responsibility and also awarded a three-level departure pursuant to the government's motion for a downward departure under § 5K1.1 based upon the defendant's substantial assistance to the government, resulting in a total adjusted offense level of thirty.

The district court determined Reuer's criminal history score to be four points, which placed Reuer in criminal history category III. Reuer received one point for a December 16, 1990, state arrest and conviction for "No Operator's License, Falsification," for which he received thirty days in jail, a $250 fine, and one year probation. Reuer also received one criminal history point for an October 26, 1996, arrest and conviction for "Improper Handling of Firearm," for which he received a one-year term of custody suspended, and was placed on three years of community control. Reuer received two additional criminal history points because the instant offense was committed while the defendant was on probation for an earlier offense. U.S.S.G. § 4A1.1(d).

Based upon Reuer's offense level and criminal history category, the Sentencing Guidelines provided a sentencing range of 121–151 months' imprisonment. U.S.S.G. Sentencing Table. The district judge sentenced Reuer to 121 months' imprison-ment—the lowest sentence available under the applicable guidelines range—and five years of supervised release.

On December 18, 2000, Reuer filed a petition pursuant to 28 U.S.C. § 2255 to amend, set aside, or vacate his sentence on the grounds that he was denied his right to appellate counsel. The government did not oppose the petition, and it was granted by the district court on January 23, 2001. On February 27, 2001, Reuer was re-sentenced to the same term of imprisonment and supervised release. Reuer filed a timely notice of appeal.

## II.

### A.

Reuer contends that the district court erred in calculating his criminal history score. We normally review the district court's factual findings regarding criminal history for clear error and its legal interpretations of the Sentencing Guidelines de novo. *United States v. Hough,* 276 F.3d 884, 896, 897 (6th Cir.2002). Reuer did not object to the determination of his criminal history below, however.[1] Therefore, we review only for plain error.[2] FED. R.CRIM. P. 52(b). "A 'plain error' is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court." *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

---

1. At Reuer's original sentencing, defense counsel vaguely suggested that he understood Reuer would be a criminal history category II. When questioned by the court, however, defense counsel did not contest the assignment of criminal history points or provide any other basis for believing that the criminal history category was in error.

2. The government argues that because Reuer's objections were not raised below, this court is without jurisdiction to hear the appeal. This court has clearly recognized that it may conduct plain error review in cases where the defendant raises an objection to his or her sentence for the first time on appeal. *United States v. Hayes,* 218 F.3d 615, 619 (6th Cir.2000) (noting that waiver of claims not raised in the district court "is a prudential rule, not a jurisdictional one"). In addition, the case quoted by the government, *United States v. Crismon,* 905 F.2d 966, 969 (6th Cir.1990), based its holding upon FED. R.CRIM. P. 12(b), which requires certain issues to be raised before trial, none of which are presented in the instant case.

Generally, courts of appeal should correct plain error only where the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* Although courts of appeal are authorized to review claims of plain error forfeited in the district court, they are not required to do so. *Id.*

■ There was no error, plain or otherwise, in the district court's determination of Reuer's criminal history score. Reuer's chief objection is that the district court erred in assigning one criminal history point on the basis of his December 16, 1990, arrest and conviction for "No Operator's License, Falsification." He contends that the date of the arrest does not match the case number, which he suggests indicates a 1996 action. Reuer does not challenge the fact that the arrest or conviction occurred, or offer any evidence indicating that the PSR's information about the underlying arrest and conviction is inaccurate. Moreover, whether the arrest occurred in 1990 or 1996 is irrelevant to Reuer's substantial rights, since either date would be less than ten years before the criminal acts to which Reuer pleaded guilty. J.A. at 199 (Plea Agreement at 7); *see also* U.S.S.G. § 4A1.2(e)(2).

■ Reuer also challenges the determination that he received one year of probation for the same December 16, 1990, arrest and conviction. The Sentencing Guidelines provide that prior offenses involving "[d]riving without a license" or providing "[f]alse information to a police officer" are counted in calculating the defendant's criminal history score only if the

offenses resulted in a term of imprisonment of at least thirty days or a term of probation of at least one year. U.S.S.G. § 4A1.2(c)(1). Because Reuer's thirty-day jail sentence was suspended, it could not be counted as a term of imprisonment. U.S.S.G. § 4A1.2(b)(2). Therefore, the use of the 1990 arrest and conviction depended upon the fact that he received one year of probation. Reuer suggests that the imposition of a one-year term of probation "seems unlikely," but he presents no evidence to show that the PSR's information was inaccurate. Reuer also contends that a one-year term of probation in this situation is the same as "following all laws and not getting any other arrests," Appellant's Br. at 14, but does not explain why this means it should not be counted as a term of probation. Reuer's mere conjecture that something "seems unlikely" about the district court's factual findings is not sufficient to demonstrate clear error.

**B.**

Reuer argues on appeal that the district court should have granted a downward departure on the grounds that his criminal history category overstated the seriousness of his prior criminal conduct.[3] *See* U.S.S.G. § 4A1.3. Reuer made no motion for a downward departure below, however. We have held that a defendant who fails to request a downward departure in the district court "waive[s] any claim for a downward departure." *United States v. Ware,* 282 F.3d 902, 907 (6th Cir.2002).

---

**3.** Reuer's plea agreements contained an agreement that the defendant would not seek a downward departure. This clause would seem to waive Reuer's right to seek a departure under § 4A1.3. The government has forfeited its right to enforce this clause, however, by failing to raise the issue in its brief on appeal. *See Hunter v. United States,* 160 F.3d

1109, 1113 (6th Cir.1998) ("[A]s with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion."). Although the government does argue waiver, its argument is based upon Reuer's failure to object during the sentencing proceedings, not on the waiver clause in Reuer's plea agreement.

## C.

■ Reuer also raises a number of challenges relating to the statutory mandatory minimum sentence applicable to his offense. First, he argues that a ten-year mandatory minimum sentence is unconstitutionally disproportionate under the Eighth Amendment. This circuit follows the "narrow proportionality" test for evaluating sentences under the Eighth Amendment. *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir.1991). "Under this approach, there is no requirement of strict proportionality; the eighth amendment is offended only by an extreme disparity between crime and sentence." *Id.* Reuer has not made such a showing. Reuer's Eighth Amendment claim is effectively foreclosed by the Supreme Court's opinion in *Harmelin v. Michigan*, 501 U.S. 957, 995, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), which held that Michigan's mandatory life sentence for possession of more than 650 grams of cocaine did not violate the Eighth Amendment. The substantially lower sentence imposed upon Reuer for a comparable quantity of crack cocaine, therefore, is not cruel and unusual under current Supreme Court precedent.

■ Reuer also argues that the government's § 5K1.1 motion authorized the imposition of a sentence below the statutory minimum sentence. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1 commentary, applic. note 1. He contends that the district court erred in failing to sentence him to less than ten years' imprisonment. The district court did grant Reuer a three-level departure pursuant to the government's 5K1.1 motion for substantial assistance. Even after the three-level departure was awarded, however, the entire range of sentences applicable to Reuer's adjusted offense level and criminal history score was above the statutory minimum sentence of ten years' imprisonment. Imposing a sentence below the statutory minimum would have required the district court to depart more than the three levels it determined to be appropriate based upon Reuer's substantial assistance. Reuer's claim on appeal, therefore, is merely an objection to the extent of the departure awarded by the district court. We do not have jurisdiction to review district court decisions concerning the size or degree of downward departures granted to criminal defendants. *See United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir.1991). Therefore, we have no authority to review the district court's decision not to depart further in determining Reuer's sentence.

## III.

For the foregoing reasons, we **AFFIRM** the decision of the district court.