File Name: 06a0523n.06

Filed: July 26, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-3757

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS LARRY CALLOWAY,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

—————————————————————————/

Before:      MARTIN and GILMAN, Circuit Judges; and SARGUS, District Judge.[*]

    BOYCE F. MARTIN, JR., Circuit Judge. Appellant Thomas Calloway was charged in a four count indictment with robbing four banks in the Cleveland area between December 2003 and April 2004. Calloway pled guilty without a plea agreement to all four counts and was sentenced to 188 months imprisonment, the low end of the Sentencing Guideline range based upon the district court's conclusion that Calloway qualified as a career offender. On appeal, Calloway claims that the district court erred in classifying him as a career offender under U.S.S.G. Section 4B1.1 because he did not have two or more predicate crime of violence felony convictions. For the following reasons, we VACATE Calloway's sentence, and REMAND to the district court for resentencing.

---

    [*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

I.

Applying Section 4B1.1 of the United States Sentencing Guidelines, the presentence report concluded that Calloway qualified as a career offender for having been convicted of three predicate crimes of violence: a 1985 conviction for burglary of a commercial building, a 1997 conviction for burglary of a temporary habitation, and a 1987 conviction for aggravated assault. The Probation Department subsequently filed an addendum to the presentence report in which it stated that it no longer considered the 1985 burglary to be a crime of violence. However, having reaffirmed that the 1987 aggravated assault and the 1997 burglary were crimes of violence, the Probation Department maintained in the addendum that Calloway qualified as a career offender. Despite the addendum, the district court concluded that all three convictions, including the 1985 burglary, were predicate crimes of violence.

With regard to both of the burglary offenses, the district court stated "I have some difficulty with the idea that breaking into an occupied building, whether it's inhabited or not, is not a crime of violence. It seems to me the potential for violence screams at you on burglaries. Occupied or unoccupied." Further, with regard to the 1997 burglary, the district court read the description of the offense from the presentence report into the record, which described Calloway forcing his way into a home while the victim was home. Based on these observations of Calloway's prior offenses, the district court included both burglaries as predicate offenses, and sentenced Calloway as a career offender.

II.

On appeal, Calloway claims that the district court improperly sentenced him as a career offender because he was not convicted of at least two predicate crimes of violence within the meaning of Section 4B1.1. This Court views the classification of a previous conviction as a crime of violence as a legal conclusion. *United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006). "Legal conclusions regarding the application of the Guidelines are reviewed *de novo*." *United States v. Foreman*, 436 F.3d 638, 640 (6th Cir. 2006) (citing *United States v. Gregory*, 315 F.3d 637, 642 (6th Cir. 2003)).

Although the Sentencing Guidelines are merely advisory, a district court's application of the Guidelines is still pertinent to this Court's review of a sentence under 18 U.S.C. § 3553(a). *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). Remand is thus required here if the district court misapplied the career offender guideline, Section 4B1.1. *Id*. The relevant portion of Section 4B1.1 provides for an enhanced sentence where "the instant offense of conviction is a felony that is…a crime of violence…and the defendant has at least two prior felony convictions of…a crime of violence." The Guidelines define a crime of violence as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). It is undisputed that Calloway's present offense is a crime of violence, so we turn our attention to the three previous offenses.

### A. The 1985 Burglary

In 1985, Calloway was convicted of burglary for trespassing in an occupied structure in violation of Ohio Revised Code Section 2911.12(A). The Probation Department concluded that the burglary was not a crime of violence "since the trespassing was not a personal dwelling and no physical violence is proven." The district court disagreed based on its reasoning that "the potential for violence screams at you on burglaries." The government conceded at sentencing that this was not a crime of violence, because it involved the burglary of a commercial building, rather than a dwelling, and because no physical violence was proven. The government makes this same concession again on appeal.

In determining whether a prior offense is a "crime of violence" under Section 4B1.1, courts in this circuit use the categorical approach, under which "only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction is a [crime of violence]." *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006) (quoting *United States v. Galloway*, 439 F.3d 320, 322 (2006)). If this approach is not determinative, the sentencing court examining the prior conviction can look to the facts of the crime of which the defendant was convicted, but can only consider facts to which the defendant plead guilty or was convicted. *Shepard v. United States*, 544 U.S. 13, 26 (2005) (holding that the sentencing court's review of a prior conviction is "limited to the terms of the charging document, the terms of a plea

agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information");

*United States v. Bernal-Aveja*, 414 F.3d 625, 627, n.1 (6th Cir. 2005) (applying *Shepard* in the context of a career offender enhancement under the sentencing guidelines). The district court's determination that the 1985 burglary was a crime of violence despite the government's concession followed the categorical approach by ruling that all burglaries involve violence.

Ohio Revised Code § 2911.12(A) (effective July 1, 1983) provided, "[n]o person, by force, stealth, or deception shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof with purpose to commit therein any theft offense...." Under Section 4B1.2(a) of the Sentencing Guidelines, this offense can qualify as a crime of violence if it either "has as an element the use, attempted use, or threatened use of physical force against the person of another," or is "burglary of a dwelling...or otherwise involves conduct that presents a serious potential risk of physical injury to another."

Section 2911.12 is not crime of violence under the Sentencing Guidelines based on the categorical approach. First, the use, attempted use or threatened use of physical force against another person is not a requisite element for a conviction under the statute, as it can be committed by stealth or deception without the use of force. Nor would a conviction necessarily involve conduct that presents a serious risk of injury to another, as this is not an element of the statute. The remaining question is whether an 'occupied structure' is a dwelling as used in 4B1.2(a)(2). Ohio Revised Code § 2909.01 (effective Jan. 1, 1974) defined occupied structure as

> any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

> (A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

> (B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

> (C) Which at the time is specially adapted for the overnight accomodation of any person, whether or not any person is actually present;

> (D) In which at the time any person is present or likely to be present.

The categorical approach is not determinative because, under Ohio law, an occupied structure may be a structure other than a dwelling. This Court has previously held as much in *Bernal-Aveja*. 414 F.3d at 627-28. In fact, the basis of the government's concession here appears to be that Calloway robbed a commercial building, which is covered under the statute but is not a dwelling for purposes of the Sentencing Guidelines. Similarly, without looking beyond the language of the statute, it could be violated by trespass in a plane, a train, or an automobile. To the extent that the district court found this burglary to be a predicate offense under the categorical approach, that determination was an incorrect application of the career offender guideline as the statute could be violated by trespass in a structure other than a dwelling without the use of physical force. *Id.*

The government still had the opportunity to establish that this offense was a crime of violence by introducing evidence that Calloway's conviction was based on facts that support a crime of violence determination. *See Montanez*, 442 F.3d at 489. The government bears the burden of proving that a prior conviction was a burglary of a dwelling. *See United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003). Not only did the government not introduce evidence, such as the

indictment, demonstrating that the occupied structure Calloway trespassed upon was in fact a dwelling, but it in fact conceded that the 1985 conviction was not a crime of violence. Therefore, the district court erred in finding the 1985 burglary conviction to be a crime of violence.

### B. The 1997 Burglary

In 1997, Calloway pled guilty to burglary by trespass in violation of the 1996 version of Ohio Revised Code § 2911.12(A)(4) (effective July 1, 1996), which provided, "[n]o person, by force, stealth, or deception, shall…trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." As with the 1985 burglary, this is not a crime of violence under Section 4B1.2(a)(1) based on the categorical approach because physical force is not an indispensable element. Looking at the text of the statute, it is unclear if this burglary involved conduct that presented a serious risk of physical injury. Nor is it clear that this was a burglary of a dwelling, as 'temporary habitation' could include "any house, building, outbuilding, watercraft, aircraft, railroad car, truck, tent, or other structure." Ohio Revised Code § 2909.01(C)(effective November 24, 1995). Therefore, the categorical approach is not determinative under the version of Ohio's burglary statute that Calloway pled guilty to violating in 1997. *See Bernal-Aveja*, 414 F.3d at 627-628 (holding that a guilty plea under Ohio R.C. §2911.12 does not establish a crime of violence on its own under the Sentencing Guidelines because the statute can apply to burglary of structures other than a dwelling.). To the extent the district court found this burglary to be a predicate offense under the categorical approach through its statement that all burglaries are crimes of violence, it was incorrect. This rationale is clearly at odds with the

definition from the Guidelines, which limits crimes of violence to burglaries of dwellings or those involving a serious risk of physical injury. *Id.* at 627.

As with the 1985 burglary, the government could have shown that despite the fact that the categorical approach did not determinatively render this burglary a crime of violence, it still is a predicate offense because Calloway admitted or was convicted of sufficient facts to render it a crime of violence. *Montanez*, 442 F.3d at 489. In order to make such a showing, however, the government had to introduce some type of judicial record to show Calloway's admission pursuant to *Shepard*. 544 U.S. at 26. No such evidence was introduced into the record here.

To the extent that the district court went beyond the categorical approach, it did not rely on any appropriate judicial record showing that Calloway admitted to facts that would render the burglary a crime of violence. Instead, the district court relied upon a recitation of the facts of the 1997 burglary presented in the presentence report in support of its conclusion that the burglary was a crime of violence. The presentence report is not a judicial record through which facts regarding Calloway's prior guilty plea can be introduced under *Shepard*. 544 U.S. at 26. Although a presentence report could theoretically pass muster under *Shepard* if it incorporated some judicial record by reference, the report here did not indicate its source of additional facts, and there is no indication they were admitted by Calloway. *See United States v. Sanders*, 404 F.3d 980, 989 (6th Cir. 2005). Further, Calloway objected to the classification of this conviction as a crime of violence, arguing that no facts or elements of the crime supported such a determination. Given this objection, the description of the crime in the presentence report, which the district judge referred to, cannot serve as a basis for finding this conviction to be a predicate offense. *See United States v. Richmond*,

No. 04-6230, 2006 U.S. App. LEXIS 4323 (6th Cir. Feb. 21, 2006) (holding that a defendant's objection to facts in the presentence report on the basis that they went beyond any prior jury verdict or guilty plea is sufficient to prevent those facts from being relied upon in sentencing). The district court thus erred in relying on this offense as a predicate crime of violence.

### C. The 1987 Aggravated Assault

The district court also considered the 1987 aggravated assault to be a crime of violence for the purposes of sentencing. Calloway responds by pointing out an error in the presentence report. Paragraph seventy-four of the presentence report states "[a]ccording to the Indictment, on 03/09/1987, the defendant did knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, a felony of the second degree." The indictment that the presentence report quotes from is in fact the initial indictment for felonious assault. Calloway actually pled guilty in an amended indictment to aggravated assault. Calloway argues that the appropriate definition of aggravated assault under Ohio law is:

> (A) No person, while under influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> (1) Cause serious physical harm to another;
>
> (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance...

Ohio Revised Code § 2903.12 (effective June 22, 1984). Calloway argues that aggravated assault is not a predicate crime of violence as a defendant may cause physical harm without the use, attempted use or threatened use of physical force as required by U.S.S.G. Section 4B1.2(a)(1).

Calloway's argument that the aggravated assault is not a crime of violence is without merit. There is no question that causing or attempting to cause physical harm presents a serious risk of physical injury to another under Section 4B1.2(a)(2) of the Sentencing Guidelines. Furthermore, Application Note 1 to U.S.S.G. Section 4B1.2 specifically lists aggravated assault as a crime of violence. Therefore, we agree with the district court that the 1987 aggravated assault is a crime of violence.

## III.

The record is insufficient to warrant a determination that the 1985 and 1997 burglaries were crimes of violence. Only the 1987 aggravated assault was supported by sufficient documentary evidence to support a finding that it was a predicate offense for the career offender guideline. Section 4B1.1 of the Guidelines requires at least two predicate offenses for the guideline to apply. Because the district court did not correctly calculate the guideline range as required under 18 U.S.C. §3553(a), we must remand for resentencing.

Calloway requested in his reply brief that any resentencing after remand be limited so as to prevent the government from introducing additional evidence of Calloway's prior convictions. Calloway argues that the government should not have a "second bite at the sentencing apple," due to the fact that he challenged the information submitted by the government at sentencing, and the government had ample opportunity to supplement the record. Calloway recognizes that this Court has previously rejected the issuance of limited remands for resentencing in *United States v. Jennings*, 83 F.3d 145, 151 (6th Cir. 1996), but distinguishes his case from *Jennings* based on the fact that his objections at the original sentencing here gave the government ample notice that it

should introduce proper evidence of his prior convictions, and it has thus waived the opportunity to

do so. *See United States v. Whren*, 111 F.3d 956, 959 (D.C. Cir. 1997) (finding a waiver approach

to resentencing preferable to a de novo approach). While Calloway presents an interesting

procedural argument here, this Court "will generally not hear issues raised for the first time in a

reply brief." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). Because Calloway waited

until his reply brief to ask for a limited remand, we will leave it to the district court to determine

whether the government may introduce new documentary evidence of Calloway's prior convictions.

For the foregoing reasons, we VACATE Calloway's sentence and REMAND for

resentencing.