NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0625n.06
Filed: August 27, 2007

No. 06-3726

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| LEONARD O. DRISTER, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**OPINION**

**Before: GILMAN, GRIFFIN, Circuit Judges; ACKERMAN, District Judge.**[*]

**HAROLD A. ACKERMAN, District Judge.** On June 1, 2005, the District Court accepted Appellant-Defendant Leonard O. Drister's plea of guilty to two counts of a six-count Indictment, including bank robbery by force or violence, and discharge of a firearm during a crime of violence. The District Court sentenced Drister on May 5, 2006, and he subsequently filed a timely notice of appeal. For the following reasons, we will **AFFIRM** the District Court's sentence.

---

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

**I.**

On April 12, 2004, Drister, along with two other men, James Black and Trevor Woods, robbed a PNC Bank in Cincinnati, Ohio. All three men wore stockings over their heads and used firearms to facilitate the robbery. Drister ordered bank employees and customers to the ground at gunpoint while Black and Woods jumped over the teller counter and began removing money from the teller drawers. After taking over $55,000, the three men fled the scene. Responding officers were able to locate Drister, Black, and Woods, who were traveling in a Honda Accord. When officers attempted to conduct a traffic stop, the suspects fled and a chase ensued. At some point during the chase, the Accord struck a tree. From the back seat, Drister fired multiple rounds at the officers until his semiautomatic handgun jammed. After a brief pursuit on foot, all three men were apprehended. Apparently, nobody suffered more than minor injuries during the course of these events.

Drister was charged on four counts of a six-count Indictment: bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d), (Count Two); conspiracy to commit a bank robbery by force or violence (Count One); using, carrying, brandishing, and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (Count Five); and forcibly assaulting and opposing with a firearm law enforcement agents while they were engaging in the performance of their official duties, (Count Six). (J.A. at 10-15.) On June 1, 2005, Drister pled guilty to Counts Two and Five of the Indictment pursuant to a written plea agreement, which also called for the dismissal of the remaining counts. (J.A. at 16.)

A pre-sentence report ("PSR") was prepared by the Probation Office using the 2003 edition of the Sentencing Guidelines Manual. (J.A. at 139, PSR ¶ 35.) The PSR provided

2

detailed descriptions of Drister's extensive criminal past, resulting in a total of 14 criminal history points, which qualified him for Criminal History Category VI. (J.A. at 145, PSR ¶¶ 62, 63.)

Specifically, in 1993, Drister was convicted in Oregon of felonious assault and sentenced to 16 months' imprisonment. (J.A. at 142-43, PSR ¶ 57.) In 1996, Drister was again convicted in Oregon, this time of "Burglary I," and sentenced to 60 months in prison and three years post-prison supervision. (J.A. at 143-44, PSR ¶ 59.) According to the PSR, the combination of these two prior offenses and the instant offense qualified Drister for an offense-level enhancement under the Sentencing Guidelines as a "career offender." (J.A. at 145, PSR ¶¶ 64, 65 (citing U.S.S.G. § 4B1.1(a) and (b)).) The PSR calculated Drister's total offense level for Count Two to be 31, corresponding to a sentencing range of 188 to 235 months. (J.A. at 148, PSR ¶ 83.) Count Five, discharge of a firearm during a crime of violence, carries a mandatory minimum sentence of ten years in prison, which must be imposed consecutive to Count 2. (J.A. at 148, PSR ¶ 81 (citing 18 U.S.C. § 924(c)(1)(A)).) Thus, the final Guidelines range of imprisonment was 308 to 355 months. (J.A. at 185, PSR ¶ 85.)

At the May 5, 2006 sentencing hearing, the District Court sentenced Drister to 355 months imprisonment, (J.A. at 121 (235 months on Count 2, and 120 months on Count 5)), five years supervised release, $1,231 in restitution, a $2,000 fine, and a $200 special assessment. (J.A. at 121-23.) Drister filed a timely appeal. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

───────

3

# II.

**A.      The District Court Properly Classified Drister as a "Career Offender."**

Drister asserts on appeal that the District Court erred in classifying him as a career offender under U.S.S.G. § 4B1.1(a).  Specifically, Drister contends that his 1996 burglary offense in Oregon is not a crime of violence because "Oregon's burglary statute is a nongeneric burglary statute," and that "the District Court made its determination as to the violent nature of the Burglary offense by reviewing unreliable information that it is not permitted to consider." (Drister Br. at 7 (citing *Shepard v. United States*, 544 U.S. 13 (2005)).)

Under the Guidelines, a defendant qualifies as a "career offender" if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is a crime of violence; and (3) he has at least two prior felony convictions that were "either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).  The term "crime of violence" is defined by the Guidelines as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).

Here, it is undisputed that Drister satisfies the first two elements of the "career offender" provision, and that his 1993 felonious assault conviction and the present offense qualify as crimes of violence.  The instant dispute, however, centers on the third element of the career offender provision, and specifically whether the District Court properly determined that Drister's

1996 conviction in Oregon for Burglary I is a crime of violence.[1]  (J.A. at 141, 143, PSR ¶¶ 50,

59.)  Under Oregon law,

> [a] person commits the crime of burglary in the first degree if the person violates [Oregon Revised Statute § 164.215] and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person: (a) Is armed with a burglary tool or theft device as defined in [Oregon Revised Statute § 164.235] or a deadly weapon; (b) Causes or attempts to cause physical injury to any person; or (c) Uses or threatens to use a dangerous weapon.

Or. Rev. Stat  § 164.225.  The statute referenced as Oregon Revised Statute § 164.215 is

---

[1] The PSR describes the "Burglary I" offense as follows:

> Drister was represented by counsel.  On July 8, 1996, the Washington County, Oregon Sheriff's Department charged Drister with Conspiracy to Commit Attempted Murder, Attempted Kidnap I, Robbery I, and Burglary I.  Court records reflect police officers followed two vehicles into an apartment complex in northwest Portland.  The first automobile was driven by Drister.  The second car was driven by an associate of the defendant's.  Police officers heard gunshots emanating from Drister's location.  Drister then drove his vehicle at a high rate of speed past the police officers.  The officers pursued Drister who was taken into custody after a high speed pursuit.
> Police officers returned to the scene of the shooting and learned [that] Drister and his associate had confronted Robert Green, the victim of the crime.  The defendant and his associate forced Mr. Green inside of his residence.  Drister's co-conspirator placed a nine millimeter Berretta [sic] semi-automatic firearm to Mr. Greens' abdomen.  Mr. Green was forced to his knees and struck in his face with the butt of the gun.  The gun was subsequently left on a counter while the co-conspirators ransacked Mr. Green's residence.  Mr. Green grabbed the gun and a struggle ensued.  Several shots were fired during the struggle.  The defendant and his associate then fled.

(J.A. at 143-44, PSR ¶ 59.)  The Judgment indicates that Drister was convicted on November 20, 1996, of "Burglary in the First Degree (threatened physical injury)" following his entry of a plea of no contest.  (J.A. at 44; *but see* J.A. at 167 (Drister's attorney noting at the sentencing hearing that "there was a plea *agreement* to a reduced charge," and that "Mr. Drister is required to live with the plea arrangement into which he entered") (emphasis added).)

5

Oregon's Burglary in the Second Degree statute, which provides: "[e]xcept as otherwise provided in ORS 164.255, a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." Or. Rev. Stat § 164.215. Under these provisions, "building" is defined as including, *inter alia*, "any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." Or. Rev. Stat. § 164.205(1). Thus, Oregon's burglary statutes are broader than the generic definition of burglary as defined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 598 (1990) ("[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.") (citations omitted).

This Court applies a categorical approach to determine whether a prior offense qualifies as a "crime of violence" under Section 4B1.1. *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006); *see also United States v. Calloway*, 189 F. App'x 486, 488 (6th Cir. 2006). Under the categorical approach, courts are "limited to an examination of the fact of conviction and the statutory definition of the predicate offense." *United States v. Butler*, 207 F.3d 839, 843 (6th Cir. 2000) (internal citations and quotation marks omitted) ("[I]t is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct."); *see also Shepard v. United States*, 544 U.S. 13, 20 (2005) (recognizing the pragmatic benefit of the categorical approach as it "avoids subsequent evidentiary enquiries into the factual basis for the earlier conviction"); *United States v. Galloway*, 430 F.3d 320, 322 (6th Cir. 2006) ("Generally speaking, only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction" qualifies as a "crime of violence" under

Section 4B1.1) (citing *Butler*).

However, this Court has recognized that "if . . . the categorical approach fails to be determinative, a sentencing court may look to the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented,' in order to determine whether the prior crime qualifies as a controlled substance offense." *Montanez*, 442 F.3d at 489 (quoting *Shepard*, 544 U.S. at 16); *see also id.* (noting that "although *Shepard* applied to review under the Armed Career Criminal Act, it by extension applies to review under Guideline section 4B1.1") (citation and quotation marks omitted).

Because the Oregon burglary statute is broader than the generic definition of burglary provided by *Taylor*, and because a crime of violence under U.S.S.G. § 4B1.2(a)(2) includes the "burglary of a dwelling" punishable by imprisonment for a term exceeding one year, Drister asserts that his Oregon Burglary I conviction does not qualify as a crime of violence for the purposes of the career offender enhancement. Ostensibly, Drister argues that his conviction under this statute cannot be a crime of violence because it is possible to violate the Oregon burglary statute, for example, by entering a boat, and yet that crime would not be a crime of violence because it would not satisfy the elements of the generic definition, which is limited to buildings or other structures. Thus, arguably, the categorical approach is not determinative under the version of Oregon's burglary statute to which Drister pled guilty in 1996 because a crime of violence under the Guidelines, U.S.S.G. § 4B1.2(a)(2), is limited to the burglary of dwellings or other offenses involving a serious risk of physical injury to another. *See, e.g.*, *United States v. Bernal-Aveja*, 414 F.3d 625, 627-28 (6th Cir. 2005); *Calloway*, 189 F. App'x at 489-90. This,

however, does not foreclose the application of the career offender enhancement in the instant matter.

As noted above, to determine whether a prior offense qualifies as a crime of violence under Guidelines section 4B1.1, a sentencing court may look to other documents, including charging documents, written plea agreements, transcripts of the plea colloquy, and "any explicit factual finding by the trial judge to which the defendant assented." *Montanez*, 442 F.3d at 489 (citation and quotation marks omitted). Therefore, whether Oregon's burglary statute is a "nongeneric burglary statute," as characterized by Drister, as opposed to the "generic burglary" statute as described in *Taylor*, is not dispositive.

It should be noted that Drister's attorney conceded at the sentencing hearing that the "information contained in paragraph 59," which pertains to the 1996 Oregon burglary conviction, "is basically the documentation from the U.S. Probation Office in Portland, and it is clear that this defendant was convicted of burglary and he was in fact sentenced for that burglary." (J.A. at 101.) Nevertheless, on appeal, Drister argues that "the District Court made its determination as to the violent nature of the Burglary offense by reviewing unreliable information that it is not permitted to consider under *Shepard v. United States*, 544 U.S. 13 (2005)." (Drister Br. at 7.) Specifically, Drister argues that the District Court "based its decision on a [PSR] and a conviction entry for a nongeneric burglary," and that "[t]his was not sufficient to qualify as a prior felony conviction of violence as a career offender." (Drister Br. at 11-12.) This Court reviews *de novo* the question of whether an offense constitutes a crime of violence for purposes of sentencing. *See Calloway*, 189 F. App'x at 488 (citing *United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006), and *United States v. Foreman*, 436 F.3d 638, 640 (6th Cir. 2006)). For

8

the following reasons, Drister's argument in this regard lacks merit.

After the completion of the PSR, but prior to the sentencing hearing, the Probation Officer supplied the District Court and all parties with a memorandum that attached "documents pertaining to the criminal history of Leonard Drister." (J.A. at 27.) Included among these documents was the charging instrument for the 1996 Burglary I offense. (J.A. at 42-43.) The Indictment charged two counts of first-degree burglary of "a building that was [a] dwelling located at 14900 NW Cornell #65," and specifically alleged "that the above-described offense occurred in an occupied dwelling," and "that during the commission of the above-described crime, defendant was armed with a deadly weapon." (*Id.*) Also included in the documents attached to the Probation Officer's memorandum was a written judgment entry upon a plea of no contest that reflected Drister's conviction for "Burglary in the First Degree (threatened physical injury)" and his sentence of 60 months in prison. (J.A. at 44-45.) Finally, the memorandum included a June 28, 2005 report from the Probation Office in the District of Oregon that detailed the facts of the burglary incident. (J.A. at 30.) This description specifically indicated that Drister's burglary offense occurred at an apartment complex. (*Id.*)

At or before the sentencing hearing, Drister did not object to his classification as a career offender. Drister neither argued before the District Court, nor does he on appeal, that this burglary offense was not one of a dwelling. In fact, Drister conceded in his sentencing memorandum that he was the "driver in the incident alleged." (J.A. at 159.) Importantly, he did not object to the description in the PSR that this particular "incident alleged"--for which he apparently was the driver--was an armed burglary of the victim's apartment. (*See* J.A. at 143, PSR ¶ 59 (noting that the police followed Drister "into an apartment complex," and that Drister

9

and his associate subsequently forced the victim "inside of his residence").) Thus, Drister did not contest the fact that his 1996 Oregon burglary conviction was a "burglary of a dwelling." Hence, although Oregon's burglary statute might be described as a "nongeneric burglary statute," Drister nonetheless did not contest the pertinent facts that satisfy the elements of a generic burglary as defined by *Taylor*, nor does he on appeal. We review this issue for plain error because it was not raised before the District Court. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

At the sentencing hearing, the District Court explicitly referred to the documents described above (J.A. at 94), and noted that it "can certainly conclude from the records we've gotten, [and] I don't think Mr. Foster [Drister's attorney] disagrees, that there was a conviction for burglary."[2] (J.A. at 101.) Therefore, it is clear that the District Court had available to it, and did consider at the time of sentencing, the pertinent state court records to determine that Drister's 1996 Oregon burglary conviction properly qualified as a "burglary of a dwelling," and thus a crime of violence. *Shepard*, 544 U.S. at 16; *Montanez*, 442 F.3d at 489; *see also United States v. Peters*, 462 F.3d 716, 719 (7th Cir. 2006 ) ("Charging documents are specifically listed within this universe of material the sentencing judge may consider.").

The whole of Drister's argument is that the District Court

> did not base its finding on an indictment, a plea agreement, a plea
> colloquy from the Oregon case, an admission of the facts before the
> District Court, or any other reliable judicial record. The Court based

---

[2] Contrary to Drister's assertion on appeal, these documents *were* in fact disclosed to the parties. (J.A. at 94-95.) In addition, and also contrary to Drister's contention on appeal, the Probation Officer was informed by court records--not merely police arrest records, (Drister Br. at 11)--when preparing the PSR, and the District Court clearly relied on the PSR. *See United States v. Peters*, 462 F.3d 716, 719 (7th Cir. 2006 ) ("The court does not need the actual physical charging document, . . . a presentence report that recounts the charging document's terms will suffice.").

its decision on a Presentence Report and a conviction entry for a nongeneric burglary. This is not sufficient to qualify as a prior felony conviction of violence as a career offender.

(Drister Br. at 11-12.) Contrary to Drister's contention, the District Court properly relied on the PSR and the charging documents included in the subsequently distributed memorandum to determine that his prior burglary conviction was a burglary of a dwelling. *See Shepard*, 544 U.S. at 16; *Montanez*, 442 F.3d at 489. Thus, Drister has failed to demonstrate plain error. *See United States v. Reuer*, 39 F. App'x. 159, 162 (6th Cir. 2002) ("Generally, courts of appeal[s] should correct plain error only where the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Although courts of appeal[s] are authorized to review claims of plain error forfeited in the district court, they are not required to do so.") (citing *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996)).

**B.      The District Court Did Not Violate Drister's Sixth Amendment Rights.**

Finally, Drister asserts on appeal that his sentence should be vacated because his advisory Guidelines sentencing range was determined in part in reliance on a prior conviction that was not submitted to a jury and proved beyond a reasonable doubt. Curiously, Drister does not identify which prior conviction this argument concerns; however, the distinction is not important. Again, we review this issue for plain error as it was not raised at the District Court. *Vonn*, 535 U.S. at 59.

Critically, the District Court's finding that Drister was eligible for the career offender enhancement was premised on "a prior conviction," thus it need not be admitted by the defendant or proved to a jury beyond a reasonable doubt. *United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006) ("[T]he Supreme Court has uniformly excepted 'the fact of a prior conviction' from its

11

general rule that sentence-enhancing facts must be found by a jury and proved beyond a reasonable doubt.") (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *United States v. Booker*, 543 U.S. 220, 244 (2005)).

In addition, the District Court's finding that Drister was eligible for the career offender enhancement increased the advisory range, but that range was still below the statutory maximum sentence of 25 years imprisonment under 18 U.S.C. §§ 2113(a), (d). *See Booker*, 543 U.S. at 244 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added) (citing *Apprendi*, 530 U.S. 466 (2000)).

Moreover, this Court has "repeatedly held that certain aspects of the character of prior convictions are so basic as to be implicit in the fact of a prior conviction. Included among these 'certain aspects' of prior convictions is a determination as to whether the prior conviction was for a crime of violence." *United States v. Alford*, 436 F.3d 677, 680 (6th Cir. 2006) (citations and quotation marks omitted). Thus, the District Court did not err in making the determination that Drister's 1993 felonious assault conviction and 1996 Oregon Burglary I conviction were crimes of violence for the purposes of the career offender enhancement.

## III.

For the foregoing reasons, this Court **AFFIRMS** the District Court's sentence.