**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0293n.06

**NO. 07-5633**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**May 12, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| DEMARCUS FIFER, | ) | |
| | ) | **AMENDED OPINION** |
| *Defendant-Appellant.* | ) | |

Before: COOK and McKEAGUE, Circuit Judges; HOOD, Senior District Judge.[*]

HOOD, Senior District Judge.   Defendant/Appellant Demarcus Fifer ("Defendant") was sentenced on charges of being a felon in possession of a firearm and being in possession of cocaine base with the intent to distribute.  Defendant appealed his sentence, and this Court remanded the matter for resentencing.  Defendant now appeals the sentence imposed by the district court during resentencing.  For the reasons set forth below, Defendant's sentence is affirmed.

**BACKGROUND**

On February 6, 2006, a jury in the Western District of Tennessee found Defendant guilty of being a felon in possession of a firearm, in violation of 21 U.S.C. § 841(a)(1), and of being in possession of cocaine base with intent to distribute, in violation of 18 U.S.C. § 922(g).  On August 19, 2004, the district court determined, based upon the information contained in the Presentence

---

*The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Report, that Defendant was a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines"). Defendant was sentenced to 120 months imprisonment on the firearm offense and 292 months imprisonment on the drug offense, with the sentences to run concurrently.

Defendant appealed his conviction and sentence. On November 20, 2006, finding no errors warranting reversal of Defendant's conviction, but finding that the district court's reliance on the presentence report alone was, without more, insufficient to classify Defendant as a career offender, this Court remanded the case for resentencing. *See United States v. Fifer*, 206 Fed. Appx. 502 (6th Cir. 2006).[1] Specifically, this Court remanded the case to the district court to determine:

> . . . whether Fifer was properly deemed a "career offender" under to [sic] U.S.S.G. § 4B1.1. The district court is required to explain the basis for its conclusion that Fifer's prior convictions were qualifying offenses, or to sentence Fifer anew in accordance with *Shepard* and *Taylor*. Finally, we VACATE and REMAND Fifer's sentence to be recalculated in accordance with *Booker*.

*Id.* at 513.

On May 4, 2007, the district court conducted a resentencing hearing, imposing the same sentence of 120 and 292 months, to run concurrently. Defendant appeals his new sentence, arguing that the district court exceeded the scope of the remand by considering additional evidence of his prior crimes during the resentencing and by failing to apply the November 1, 2007 amendment to § 4A1.2 of the Guidelines.

### DISCUSSION

#### Scope of Mandate

Defendant argues that the district court exceeded the scope of this Court's mandate when,

---

[1]  As this Court's previous Opinion contains a detailed narrative of the facts underlying the charges against Defendant, they will not be repeated herein.

at the resentencing hearing, the district court considered additional evidence regarding Defendant's prior convictions in order "to either explain the basis for its conclusion that the prior convictions were qualifying offenses under U.S.S.G. § 4B1.1, or to sentence Fifer anew in accordance with *Shepard* and *Taylor*." *Id.* at 513.

This Court has interpreted *Shepard v. United States*, 544 U.S. 13 (2005) and *Taylor v. United States*, 495 U.S. 575 (1990) "to mean that a district court's determination of whether a defendant is a career offender under U.S.S.G. § 4B1.1 must be based on information contained in the judicial record." *Fifer,* 206 Fed. Appx. at 512 (citing *United States v. Calloway*, 189 Fed. Appx. 486, 490-91 (6th Cir. 2006)). At the resentencing hearing, the district court followed this Court's directive and received additional evidence into the record in order to determine if Defendant's prior crimes were crimes of violence. Specifically, the district court considered the charging documents and judgments from the Criminal Court of Shelby County, the place of Defendant's prior convictions, which were attached to the Third Addendum to the Presentence Report. Upon review of the charging documents and judgments from the Criminal Court of Shelby County, the district court concluded that Defendant's prior crimes were crimes of violence, thus classifying him as a career offender pursuant to § 4B1.1 of the Guidelines.

Defendant has provided no persuasive authority in light of our decision in *United States v. Stout*, 599 F.3d 549, 557 (6th Cir. 2010) to support his argument that the district court was not entitled to accept additional evidence in order to comply with this Court's mandate to explain the basis for its conclusion that the prior convictions were qualifying offenses under U.S.S.G. § 4B1.1 or to sentence Defendant anew consistent with *Shepard* and *Taylor*. At Defendant's resentencing hearing, the district court recognized the very purpose of the remand when it stated that "what I have

3

to do is determine whether the defendant is a career offender, or look anew at that issue." In order to look anew at that issue, it was necessary for the district court to consider the documents attached to the Third Addendum to the Presentence Report. After considering the charging documents and judgments from the Criminal Court of Shelby County, the district court concluded that the judicial record provided a basis for concluding that Defendant is a career offender, pursuant to § 4B1.1 of the Guidelines.

This Court finds no error in the district court's consideration of additional information at the resentencing hearing and will affirm Defendant's sentence.

**Sentencing Guidelines Amendment**

Defendant was resentenced on May 4, 2007, and the district court properly applied the 2003 version of the Guidelines which were in effect at that time. Defendant now argues that his case should be remanded to the district court to consider the November 1, 2007 amendment to § 4A1.2 of the Guidelines, as the application of the 2007 Guidelines would not result in his classification as a career offender. Contrary to Defendant's argument, regardless of which version of the Guidelines is used to calculate Defendant's sentence, he is characterized as a career offender because the record reflects an intervening arrest which requires that his previous sentences be counted separately.

Section 4A1.2(a) of the Guidelines is used to determine whether a defendant is classified as a career offender pursuant to § 4B1.1, which provides that:

> a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

To determine how to count prior convictions, one looks to § 4A1.2(a)(2). Section 4A1.2(a)(2) of

the 2003 version of the Guidelines contained the following language regarding how to treat prior sentences imposed in related and unrelated cases:

> (2) Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of 4A1.1(a), (b) and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

U.S.S.G. § 4A1.2(a)(2) (2003). Effective November 1, 2007, that provision was amended to state the following:

> (2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2) (2007).

The record indicates that Defendant was arrested on November 27, 1997 for aggravated assault involving a firearm, a felony. Defendant was also arrested for felony aggravated assault on June 14, 1998; however, this assault involved the use of a bottle. Although he was sentenced for the aggravated assaults on the same day, January 20, 1999, as explained in the 2007 version of the Guidelines, Defendant's prior sentences are counted separately because they were separated by an intervening arrest. Regardless of which version of the Guidelines applies, Defendant has two convictions for felony crimes of violence, qualifying him as a career offender under § 4B1.1. Because application of the 2007 amendment to § 4A1.2(a)(2) would not alter the calculation of Defendant's criminal history, the Court need not address the issue of whether the amendment is subject to retroactive application. Defendant's request that the 2007 amendment to the Guidelines

5

be applied retroactively would be fruitless.

## CONCLUSION

For the foregoing reasons, Defendant's sentence is **AFFIRMED.**