**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0602n.06

**No. 10-4573**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | **_Jun 12, 2012_** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WAYNE COTTRELL, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MOORE, SUTTON and STRANCH, Circuit Judges.

SUTTON, Circuit Judge. Wayne Cottrell pled guilty to being a felon in possession of a firearm. In setting his sentence, the district court determined that Cottrell's three Ohio convictions for third-degree burglary did not trigger a sentencing enhancement under the Armed Career Criminal Act. 18 U.S.C. § 924(e). Based on our intervening decision in *United States v. Coleman*, 655 F.3d 480, 483 (6th Cir. 2011), we must reverse.

I.

A federal grand jury charged Cottrell with being a felon in possession of a firearm. 18 U.S.C. § 922(g). To inform his pleading decision, Cottrell asked the district court to make a pre-plea determination of whether his three prior convictions for third-degree burglary under Ohio law triggered ACCA's fifteen-year mandatory-minimum sentence. The district court determined that

they did not. Cottrell pled guilty, reserving the right to withdraw his guilty plea if the Sixth Circuit reversed the district court's ACCA determination. The district court sentenced him to thirty-five months in prison, and the government appealed.

II.

This case turns on the interplay of two statutes. The first is Ohio's third-degree burglary statute, which provides that "[n]o person, by force, stealth, or deception, shall . . . [t]respass in an occupied structure . . . with purpose to commit in the structure . . . any criminal offense." Ohio Rev. Code § 2911.12(A)(3). The statute defines an occupied structure as:

> any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
>
> (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
>
> (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
>
> (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
>
> (4) At the time, any person is present or likely to be present in it.

*Id.* § 2909.01(C).

The second relevant statute is ACCA, which imposes a fifteen-year mandatory-minimum sentence for violation of the federal felon-in-possession statute by an individual with "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e). In relevant part,

ACCA defines a "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii).

When the district court sentenced Cottrell, the Sixth Circuit had not decided whether third-degree burglary under Ohio law is an ACCA violent felony. Since then, *Coleman* held that violations of Ohio's third-degree burglary statute qualify "categorically" because they create a substantial risk of violent confrontation between the burglar and an unexpected interrupter. 655 F.3d at 483. Accordingly, the district court erred in holding (or at least in forecasting) that ACCA's mandatory-minimum sentence was inapplicable. Cottrell's three convictions for third-degree burglary trigger the mandatory minimum.

Resisting this conclusion, Cottrell points to the state sentencing transcript and journal entry from his third burglary conviction. Though difficult to parse, they seem to reflect that the sentencing court (at the request of the prosecutor) deleted the words "present or likely to be present" from the indictment. R. 24-2. From this, Cottrell argues that "[t]he trial court's deliberate and purposeful removal of the language ['[present or likely to be present['] creates a situation in which Cottrell's conviction would not be classified as a violent felony." Br. at 8.

We disagree. ACCA "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990). Here, there is no dispute that Cottrell has three prior convictions under Ohio Rev. Code § 2911.12(A)(3), and *Coleman* establishes that violations of that provision categorically are ACCA

violent felonies. That is all we need to know. "[T]he particular facts underlying those convictions" are irrelevant for our purposes, which indeed is the essential point of the categorical approach. *Taylor*, 495 U.S. at 600; *see also Coleman*, 655 F.3d at 484 ("[I]t makes no difference that Coleman can imagine a non-risky way to burglarize such a structure.").

Nor would it make a difference if we treated the state judge's ambiguous modification of the indictment as if it were a judicial modification of the burglary statute, as Cottrell's brief seems to suggest, though not elaborate. As we said in *Coleman*, it does not "matter that the 'presence or likely presence' of another person is not a separate requirement of Ohio's third-degree burglary statute, but is instead merely one way in which a structure is considered 'occupied.'" 655 F.3d at 484. "[I]t is the 'occupation' itself—whether the structure is currently occupied or merely maintained as a dwelling—that increases the odds that a trespass in that structure will be interrupted by an 'occupant, caretaker, or some other person who comes to investigate.'" *Id. Coleman* tells us that a version of Ohio Rev. Code § 2911.12(A)(3) shorn of the "present or likely to be present" language would still qualify categorically as an ACCA predicate. Thus, even if the state judge could take his shears to the statute, *Coleman* would require the same result.

III.

For these reasons, we reverse and remand the case to the district court.