**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0706n.06

No. 12-6319

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 31, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| MARK ALLEN WYNN, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GIBBONS, SUTTON, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Mark Allen Wynn appeals his sentence.  Wynn pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g).  The district court determined that, by virtue of his offense and his prior convictions, Wynn was an armed career criminal under USSG § 4B1.4(a).  It found that Wynn's total offense level was 31 and that his criminal history category was VI, resulting in a guidelines range of 188 to 235 months.  The district court sentenced Wynn to 200 months in prison.

On appeal, Wynn argues that the residual clause of the Armed Career Criminal Act (ACCA), which the district court relied on when determining that he was an armed career criminal, is unconstitutionally vague.  Wynn also argues that the district court plainly erred by concluding that he was subject to the provisions of the ACCA because his predicate convictions were not set forth in the indictment and proven to a jury beyond a reasonable doubt.

We review de novo the legal question of whether a criminal statute is unconstitutionally vague. *United States v. Hart*, 635 F.3d 850, 856 (6th Cir. 2011). A defendant is subject to an enhanced sentence under the ACCA when he is convicted under § 922(g) and he has three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1); *United States v. Taylor*, 696 F.3d 628, 630 (6th Cir. 2012). The residual clause defines in part the term "violent felony" as a crime involving "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Taylor*, 696 F.3d at 631.

As Wynn concedes, his challenge to the constitutionality of the residual clause must fail. We have previously rejected the argument that the residual clause is unconstitutionally vague, and this panel cannot reconsider that decision. *See Taylor*, 696 F.3d at 633. In addition, the district court did not err, plainly or otherwise, by concluding that Wynn was subject to the provisions of the ACCA. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that the fact of a prior conviction does not need to be set forth in the indictment and proven beyond a reasonable doubt. *See United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012). Despite Wynn's argument to the contrary, the Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), did not undermine the rule set forth in *Almendarez-Torres*. *See Alleyne*, 133 S. Ct. at 2160 n.1.

Accordingly, we affirm Wynn's sentence.