NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0230n.06

Case No. 13-3291

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 27, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| LANDON PRICE, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; and OLIVER, District Judge.[*]

**McKEAGUE, Circuit Judge.** Defendant Landon Price pled guilty on July 24, 2012 to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The government had given notice of its intent to seek enhancement of Price's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had three prior convictions for violent felony offenses. The district court applied the enhancement and Price was sentenced in March 2013 to a prison term of 180 months, followed by five years of supervised release. Price appeals the sentence, challenging the enhancement on three grounds. For the reasons that follow, we affirm.

---

[*]Honorable Solomon Oliver, Jr., Chief District Judge for the United States District Court for the Northern District of Ohio, sitting by designation.

**I**

The district court found that Price had three prior convictions for felony offenses: a 1996 burglary conviction under Ohio law; a 2004 assault conviction under Ohio law; and a 2011 burglary conviction under South Carolina law. Price contends that neither of the two earlier convictions is for a qualifying offense under the ACCA. We review de novo the district court's determination that a prior offense qualifies as a violent felony under the ACCA. *United States v. McMurray*, 653 F.3d 367, 371 (6th Cir. 2012). The government bears the burden of establishing the fact of a prior conviction for a qualifying offense. *United States v. Bernal-Aveja*, 414 F.3d 625, 626-27 (6th Cir. 2005). A preponderance of the evidence is sufficient to meet this burden. *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012).

**A. 2004 Assault Conviction**

The parties agree that the Ohio statute under which Price was indicted and pled guilty, O.R.C. § 2903.13, is facially broad enough to encompass assault offenses that are not "violent felonies" under the ACCA. A conviction for assault under § 2903.13(A), i.e., for "knowingly" causing or attempting to cause physical harm to another, does qualify as a violent felony. *See United States v. Evans*, 699 F.3d 858, 863-65 (6th Cir. 2012) (holding conviction under § 2903.13(A) for knowingly assaulting a police officer to be a "crime of violence" under Sentencing Guidelines); *McMurray*, 653 F.3d at 371 n.1 (recognizing that "crime of violence," as used in the career-offender provision of the Sentencing Guidelines, is interpreted identically to "violent felony" under ACCA); *United States v. Young*, 580 F.3d 373, 379 n.5 (6th Cir. 2009) (same). Under § 2903.13(B), however, "assault" is defined as "recklessly" causing serious physical harm to another. Reckless use of physical force does not qualify as a violent felony under the ACCA. *United States v. Jones*, 689 F.3d 621, 626 (6th Cir. 2012). It follows that we

cannot determine whether the 2004 assault conviction is a qualifying offense under the "categorical" approach, based strictly on the statutory definition of the offense.

The district court instead used the "modified-categorical" approach, consulting court documents to determine whether defendant Price "necessarily admitted" the elements of the predicate offense through his guilty plea. *See McMurray*, 653 F.3d at 377. The district court read Count Six of the indictment in conjunction with the journal entry of the judgment, which amended the Count Six language, and concluded that Price pled guilty to "knowingly" assaulting a police officer as follows: "The defendant unlawfully and *knowingly* did cause or attempt to cause physical harm to Patrolman Feieraband and Officer Vilman – Vilva, in violation of Ohio Revised Code Section 2903.13." R. 40, Sent. tr. at 38, Page ID # 167 (emphasis added).

Price argues that this construction of the two documents as charging that he knowingly assaulted the officers is not necessarily dictated by their explicit language, but requires the drawing of an inference. Yet, the inference is wholly reasonable and logical. The original Count Six language charged Price with knowingly causing or attempting to cause physical harm to a police officer with a dangerous weapon, a knife. The journal entry amended this language only by deleting the dangerous weapon allegation and adding the name of a second officer. The allegation that Price acted *knowingly* to cause or attempt to cause harm remained unchanged. The district court's construction is supported by a preponderance of the evidence. Accordingly, on de novo review, we uphold the district court's determination that Price's 2004 assault conviction qualifies as a violent felony under the ACCA.

### B. 1996 Burglary Conviction

Price also contends that his 1996 conviction for burglary under O.R.C. § 2911.12(A)(1) is not a qualifying offense, citing *United States v. Lewis*, 330 F. App'x 353 (3d Cir. 2009). The

government concedes that the Ohio burglary statute proscribes conduct broader than the definition of generic burglary. *See United States v. Coleman*, 655 F.3d 480, 482 (6th Cir. 2011). Yet, a violation of the Ohio burglary statute nonetheless qualifies as a violent felony under the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), because it otherwise creates a risk of physical injury similar to the risk posed by generic burglary. *Coleman*, 655 F.3d at 483 (expressly rejecting the contrary reasoning of *Lewis*). *See also United States v. Jenkins*, 528 F. App'x 483, 485 (6th Cir. 2013) (citing *Coleman* and holding that second-degree burglary under Kentucky law is a violent felony); *United States v. Cottrell*, 483 F. App'x 990, 992 (6th Cir. 2012) (following *Coleman*). In accordance with these authorities, we reject Price's argument. The district court did not err in counting the 1996 burglary conviction as a qualifying offense.

**II**

Price challenges the career offender enhancement on a second ground. He contends the district court's finding that he had three prior violent felony convictions is a finding of fact that increased the mandatory minimum sentence he was subject to. As such, Price argues, citing *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013), that the fact of his prior convictions is an "element" of the crime that ought to have been, under the Sixth Amendment, alleged in the indictment, submitted to a jury, and found upon proof beyond a reasonable doubt. The district court rejected the argument and we review the constitutional challenge de novo. *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012).

While the *Alleyne* ruling contains language broad enough to support Price's argument, the Supreme Court also stated that its ruling had no impact on the previously recognized exception for the fact of a prior conviction, which may be found by the sentencing court upon a preponderance of the evidence. *Alleyne*, 133 S. Ct. at 2160 n.1 (citing *Almendarez-Torres v.*

*United States*, 523 U.S. 224 (1998)). Even since *Alleyne* was decided, we have consistently recognized that *Almendarez-Torres* remains good law and that we are obliged to follow it until the Supreme Court expressly overrules it. *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013); *United States v. Wynn*, 531 F. App'x 596, 597 (6th Cir. 2013). *See also Anderson*, 695 F.3d at 398; *McMurray*, 653 F.3d at 371. Hence, we must reject Price's constitutional challenge.

## III

Finally, Price contends the term "violent felony," as used in the ACCA, is so amorphous as to be unconstitutionally vague. To be sure, application of the ACCA has been challenging in some circumstances. Yet, vagueness challenges have been consistently denied. *See Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011); *James v. United States*, 550 U.S. 192, 210 n.6 (2007); *United States v. Hockenberry*, 730 F.3d 645, 670 (6th Cir. 2013); *United States v. Perry*, 703 F.3d 906, 911 (6th Cir. 2013); *United States v. Taylor*, 696 F.3d 628, 633 (6th Cir. 2012). Consistent with these authorities, we also reject Price's vagueness challenge.

## IV

In sum, finding no merit in any of defendant Price's claims of error, we **AFFIRM** the judgment of the district court.